WILLIAM BREEDING v. THE STATE.

Where the defendant was convicted of an offense and appealed, but the recognizance did not state the offense, nor any offense known to the law, this court has no jurisdiction and the appeal was dismissed. (Paschal's Dig., Art. 2731, Note 708; Horton v. The State, 30 Tex., 191.)

APPEAL from Fayette. The case was tried before Hon. ISAAC B. McFARLAND, one of the district judges.

The appellant, a freedman, was found guilty of adultery, and fined $100. He appealed, but the recognizance did not state the offense.

*E. B. Turner, Attorney General,* moved to dismiss the appeal, because the recognizance did not state the offense.

*Moore & Ledbetter,* for appellant, argued upon the merits.

MORRILL, C. J.—The attorney general, in behalf of the state, requests that the appeal be dismissed for want of a legal recognizance.

On an examination of the record it appears that the said Breeding gave notice of appeal to this court, but the record does not disclose that he was committed to jail or entered into a recognizance, and without one of them jurisdiction in this court does not attach.

There is in the record what purports to be a recognizance, but inasmuch as it does not contain either the name of the offense with which the appellant is charged, or that of any offense against the laws of the state, it is not a legal recognizance. (Paschal's Dig., Art. 2731.)

This is no new principle, but simply a repetition of what has been declared in numerous cases heretofore by this court. (Paschal's Dig., Note 708.) Motion sustained.

APPEAL DISMISSED.