## MARY MORGAN v. ESTATE OF A. P. MORGAN.

(Case No. 2649.)

1. HOMESTEAD — TENANT IN COMMON. — The head of a family residing on a tract of fifty acres of land, situated a mile distant from another tract of two hundred and forty-six acres, which also belongs to him, a part of which is in cultivation, may claim as homestead the land on which he resides, and as much of the other as will make up the two hundred acres exempted by law. That the two hundred and forty-six acre survey is held as tenant in common does not prevent the homestead from being established upon it, subject, however, to the rights of the co-tenant. Clements v. Lacy, 51 Tex., 150.

APPEAL from Washington. Tried below before the Hon. I. B. McFarland.

The plaintiff below, appellant in this court, filed her petition May 13, 1874, for partition, to designate for her one-half of the land described therein. The petition alleged "that although the deed of conveyance for said land from said H. P. and Elouisa C. Harris to Abiah P. Morgan (the deceased) is in the individual name of said A. P. Morgan, one-half of said land belonged to and was held by said A. P. Morgan in trust for her."

To this petition the defendant Angelina Morgan, administratrix of the estate of A. P. Morgan, answered May 28, 1874, with a general demurrer and a general denial of the allegations in plaintiff's petition.

On the 28th of October, A. D. 1874, the cause was called for trial, J. E. Marsh, a mortgage creditor of the estate of A. P. Morgan, was permitted to intervene, and by consent of parties the case was transferred to the probate side of the court, and the issues of law and of fact submitted to the court.

The issue presented between the plaintiff and the estate of A. P. Morgan, deceased, was whether or not A. P. Morgan held the absolute fee to the entire two hundred and forty-six acres, as appeared from the deed of Harris and wife, or whether he held one-half of the same under the Harris deed in trust for Mary Morgan. On the trial, Mrs. Angelina Morgan,

administratrix and surviving widow, admitted for herself "the facts as alleged by Mrs. Mary Morgan in her petition." The material fact alleged in said petition, and so admitted, was, "that although the deed of conveyance for said land from H. P. and Elouïsa C. Harris to Abiah P. Morgan is in the individual name of said A. P. Morgan, one-half of said land belonged to and was held by said A. P. Morgan in trust for" the plaintiff. It appeared that the deceased recognized the right claimed by plaintiff to one hundred and twenty-three acres interest in the land. The land in controversy was a different tract from the tract upon which the deceased resided at the date of his death, and upon which the family continued to reside after his death, and is about one mile distant from the family homestead, and had from sixty to eighty acres in cultivation.

Judgment was rendered, setting apart one hundred and fifty acres as homestead, to be selected by defendant; the remainder, ninety-six acres, to be sold to satisfy the trust deed; excess, if any, to be paid to plaintiff.

The plaintiff appealed, assigning as error:

"The court erred in setting apart for homestead purposes land admitted to have been held in trust for plaintiff at the date of decedent's death, and not disincumbered since the death of said decedent."

*P. H. & J. S. Swearingen*, for appellant.

*Breedlove & Ewing*, for appellee.

A. S. WALKER, J.— The facts show a residence of defendant, as head of a family, on fifty acres of land, about one mile distant from the tract of two hundred and forty-six acres, the subject of litigation.

That, as between the estate and the plaintiff, the two hundred and forty-six acres is held in common.

That the mortgagee, who is intervenor, had no notice of the equity to one-half owned by the plaintiff.

The court adjudicated that the two hundred and forty-six acre tract was subject to homestead rights to extent of one

hundred and fifty acres in favor of the estate, represented by the defendant below.

There should result from these facts and such adjudication:

1. That the one hundred and fifty acres homestead belongs in common to the plaintiff and the estate, subject to partition. Lacy v. Clements, 51 Tex., 162.

2. That as to the remainder, the ninety-six acres, it is subject to partition between the plaintiff and the estate; the half set apart to the estate to be sold first, and, if not sufficient, then the other forty-eight acres to be sold; after satisfying the debt of intervenor, the excess to be paid to the plaintiff.

Reversed and reformed in accordance with this opinion.

REVERSED AND REFORMED.