[Opinion delivered April 8, 1881.]

---

E. B. AND E. J. JENKINS v. C. VOLZ.

(Case No. 4059.)

1. HOMESTEAD.— The homestead, though situate on land in which the claimant of homestead rights owns but an undivided interest, is protected by the constitution from forced sale.

2. PLEADING — HOMESTEAD.— In a suit to foreclose a mortgage on land, an undivided interest in which is claimed by the defendant, who asserts homestead rights, his plea setting up such interest, and stating facts showing his inability to designate before partition his homestead boundaries, presents a valid defense.

3. HOMESTEAD.— The failure of one asserting homestead rights to designate the homestead boundaries cannot authorize the forced sale of the homestead under judicial process.

4. HOMESTEAD.— The constitutional protection against forced sale of
two hundred acres as a rural homestead, not only protects the home,
when established on land owned jointly with another, but if parti-
tion with other joint owners should be impracticable, the home-
stead right would attach to and protect the proceeds of sale made
for partition, to the extent of the homestead value.

5. CASE DISCUSSED AND DISTINGUISHED.— Clements v. Lacey, 51 Tex.,
150, discussed and distinguished from the present case.

6. PRACTICE.— When the holder of a mortgage desires to subject to the
payment of his debt the interest of the debtor in land, in excess of
the homestead right, and there are other joint owners of the land,
the better practice is to make the other joint owners parties, for
purposes of partition before sale.

APPEAL from Cooke. Tried below before the Hon. J.
A. Carroll.

C. Volz brought suit against J. W. Jenkins and John
W. Biffle, to recover of them the sum of $1,669.80, al-
leged to be due him on two promissory notes executed to
him by Jenkins and Biffle, and against E. B. and E. J.
Jenkins, to foreclose a mortgage on three hundred and
twelve acres of land, the same being an undivided inter-
est in a tract of five hundred and twenty acres out of a
six hundred and forty acre survey in Cooke county, in
the name of R. E. Shannon, which mortgage appellee
alleged was executed to him by E. B. and E. J. Jenkins to
secure the payment of the two notes due from J. W.
Jenkins and John W. Biffle.

At the August term, 1879, of the court, the appellee
recovered a judgment against J. W. Jenkins and John
W. Biffle for the debt, and against E. B. and E. J. Jenk-
ins foreclosing the mortgage on the land, and ordering
the sale of the same to pay the judgment. From this
judgment E. B. and E. J. Jenkins appealed.

Jenkins and wife in their answer alleged that the land
was their homestead; that E. B. Jenkins was the head of
a family, and E. J. Jenkins was his wife; that the land
was their homestead at the time the mortgage was given,

and had ever since remained such. They alleged the occupancy and improvement of the land by them, and that such facts were well known to appellee at the time the mortgage was given. They stated that the reason why they did not describe their homestead by metes and bounds was, that they only owned an undivided interest in the whole five hundred and twenty acres, and setting forth who their co-tenants were; alleged that they could not with safety designate any portion of the land as their own on account of the rights of their co-tenants. The appellee excepted upon the ground that appellants had failed to set forth and describe their homestead interest in the land so that the court could protect the same. The court below sustained the exception, and struck out that part of appellants' answer which related to their homestead, to which appellants excepted.

*C. C. & C. L. Potter* and *Hale & Scott*, for appellant.

*Davis & Garnett*, for appellee.

I. The homestead of appellants which was exempted from forced sale was not an undivided interest of two hundred acres of land in the Robert E. Shannon six hundred and forty acre survey, but was merely their interest in and to the two hundred acres of said survey upon which their house and improvements were situated, and they should have set forth the metes and bounds of said two hundred acres in their pleadings, so that the court could have protected the same in its judgment. Battle *v.* John, 49 Tex., 211; Lacey *v.* Clements, 51 Tex., 150; Freeman on Co-tenancy, secs. 242, 243.

II. The exemption laws merely protect, as against the creditor, the homestead claimant in his title to and possession of the two hundred acres of land upon which his home and improvements are situated, regardless of the

title of the possessor thereto, which title may be in fee, for life, for a term of years, in severalty, in common, or no title at all. Freeman on Co-tenancy, sec. 55; Thompson on Homesteads, secs. 164–178.

GOULD, ASSOCIATE JUSTICE.— The homestead of appellants was protected by the constitution, although established on land in which they owned only an undivided interest, being joint owners, or tenants in common, with third parties. Clements v. Lacey, 51 Tex., 150.

Their plea setting up their homestead exemption to the extent of an undivided interest of two hundred acres, and stating facts showing their inability, before partition had, to designate their homestead boundaries, presented a valid defense, and was erroneously stricken out.

Even if appellants had been absolute owners of the entire tract mortgaged, it by no means follows that their failure to designate in their plea the boundaries of their homestead would justify the striking out of that plea and the foreclosure of the mortgage, in utter disregard of the homestead claim. In case a defendant in execution, whose homestead is part of a larger tract than is exempted, fails himself to do so, the statute prescribes a mode by which the homestead boundaries may be fixed without his assent, and thereafter the excess subjected to execution sale; but there is nothing in the statute attempting to authorize the forced sale of a homestead, because of the failure of the homestead claimant to designate its boundaries.

But we are further of opinion that the homestead right of appellants was not confined to their undivided interest in the two hundred acres, including their improvements, but extended to an undivided interest of two hundred acres out of the five hundred and twenty acre tract, and that until partition had, it was out of their power to designate their homestead by metes and bounds.

The constitutional protection to a homestead of two hundred acres should be enforced in its spirit, and so enforced protects the homestead, when established on land owned jointly with others, to the extent of an undivided interest of two hundred acres. If, on partition with their co-tenants, the part of the tract occupied and improved by appellants should be allotted to them, their homestead right to two hundred acres, including their improvements, would be complete, notwithstanding the mortgage. If, however, it should be found impracticable to allot to appellants the part occupied and improved by them, that fact should not and would not operate to defeat or lessen their homestead right. Even if, in making partition, the entire tract had to be sold, the homestead right would attach to and be protected in the proceeds of the sale.

The case of Clements v. Lacey, 51 Tex., 150, when examined with reference to its peculiar facts, will be found to contain nothing inconsistent with the views here expressed. The improvements were made by the joint owners, not by the homestead claimant alone.

In the plea stricken out it was suggested that the other joint owners be made parties, the land partitioned, and, after the homestead of two hundred acres had been designated out of the part partitioned to appellants, that the excess be subjected to plaintiff's mortgage. This, we think, was preferable to selling the undivided interest in the entire tract subject to the homestead. It is desirable to avoid judicial sales of uncertain interests. A due regard for the interests not only of the debtor and creditor, but of the public who are invited to purchase, requires that the thing to be sold be definitely ascertained.

For the error in striking out and disregarding the plea of homestead, the judgment is reversed and the cause remanded.

Reversed and remanded.

[Opinion delivered April 9, 1881.]