## O. W. CROCKETT V. JNO. D. TEMPLETON.

### (Case No. 1907)

1. HOMESTEAD—INNOCENT PURCHASE—ABANDONMENT.—Defendant and his wife occupied eighty-two acres of land as a homestead. They agreed to separate, and divided the land, his portion being under cultivation, but having no houses on it. To divest the wife of any interest in his part of the land, he and she joined in a deed conveying it to a third party, who, two years after, reconveyed it to defendant. The evidence showed that this third party was merely a trustee of the legal title for defendant. Defendant, with his children by a former marriage, moved to another county, and his wife, and her children by a former marriage, remained on her portion of the land. Defendant acquired no other lands, and expressed an intention of building a home on his part of the tract when he was financially able. *Held:*

(1) That until the husband and wife united in abandoning the part she occupied, the husband could acquire no other homestead.

(2) The homestead exemption still attached to his portion also, even if he had never owned it until it was conveyed to him by the third party.

(3) If the owner of a tract, smaller than the amount exempted as a homestead, purchases an adjacent tract to fill out his homestead, he is not required to enclose or build upon this second tract, as its situation is sufficient to excite inquiry that would discover the intent.

(4) One who bought from the third party while the legal title and possession were with him might be an innocent purchaser, but one who bought under an execution against defendant could not be.

(5) Edmundson *v.* Blessing, 42 Tex., 596, reviewed, and shown not in conflict with the above views.

APPEAL from Navarro. Tried below before the Hon. L. D. Bradley. The opinion states the case.

*Croft & Blanding,* for appellant, cited: McMillan *v.* Warner, 38 Tex., 410; Woolfolk *v.* Ricketts, 41 Tex., 359; Franklin *v.* Coffee, 18 Tex., 413; Woolfolk *v.* Ricketts, 48 Tex., 28; Scott *v.* Dyer, Tex. Law Rep., vol. 2, p. 566; Foreman *v.* Meroney, 62 Tex., 723; Beard *v.* Blum, Tex. Court Rep., vol. 1, p. 19; Shepperd *v.* Cassidy, 20 Tex., 24; Gouhenant *v.* Cockrell, 20 Tex., 96; Cross *v.* Evarts, 28 Tex., 523.

*Read, Greer & Greer,* for appellee, cited: Edmundson *v.* Blessing, 42 Tex., 596; same case, 49 Tex., 333; Cox *v.* Shropshire, 25 Tex., 113; Beard *v.* Blum, Law Rev., vol. 5, p. 270; Ford *v.* Powell, 59 Tex., 321; Stark *v.* Ingram, Law Rev., vol. 5, p. 509; Franklin *v.* Coffee, 18 Tex., 413; H. & G. N. R. R. Co. *v.* Winter, 44 Tex., 605; Brooks *v.* Chatham, 57 Tex., 33; Anderson *v.* McKay, 30 Tex., 190; Moreland *v.* Bernhardt, 44 Tex., 280; Barnes *v.* White, 53 Tex., 628.

ROBERTSON, ASSOCIATE JUSTICE.—Prior to 1870 widower O. W. Crockett and widow Jeffries were united in marriage. In February,

1870, they purchased a tract of eighty-two acres of land in Navarro county, and from that time until 1878 they occupied it as a homestead. In 1878 they agreed to separate and divide the land between them. Mutual friends were called upon to make the proper division, and they allotted to O. W. Crockett out of the eighty-two acre tract the 54⅔ acres here in controversy. The rest of the tract, upon which were all the houses, was given to Mrs. Crockett, and upon it she and her children by her first marriage have ever since resided. The marriage relation between O. W. Crockett and his wife still subsists, though the former, immediately upon the agreement to separate, went with the children of his first marriage to Ellis county, and lived there upon rented lands for five years, when he returned to Navarro, but not to the land now in controversy. To divest his wife of any interest in his part of the land, he and she joined in a deed to it to W. F. Kempner. Kempner some two years afterward reconveyed the land to Crockett. That Kempner's only interest was as trustee of the legal title for Crockett's benefit does not fairly admit of dispute. Crockett so swears, and Ransom, who was allowed to testify to a different *understanding*, states that Kempner all the while paid rents to Crockett. The findings of the court below do not distinctly contravene this view of the conveyance to Kempner. In May, 1882, the plaintiff, appellee, bought the land at execution sale under a judgment against Crockett, and brought trespass to try title, and recovered a judgment for it in the court below, and from that judgment Crockett appeals. The whole issue is whether at the time of the levy and sale under which appellee claims the land was part of appellant's homestead. That it was part of the homestead of Crockett and wife, prior to their separation, admits of no doubt. Mrs. Crockett continued to reside upon the other part of the eighty-two acre tract, and by the deed to Kempner it was her purpose to divest herself of all claim whatsoever to the land in controversy. She has abandoned her homestead right to a part of their homestead, but in that part her husband has retained the equitable ownership, with the purpose of using it as a home whenever he is in a condition to build upon it.

Since the division he has never lived with his wife upon her part of the tract, but he has acquired no other home. Without her consent he can mantle no other habitation with homestead protections. Until he and she unite in abandoning the part she occupies, that is their homestead. He doubtless no longer asserts any interest in her part of the land, but still it cannot be taken for his debts. Why may his part, in which he still asserts the homestead interest, be taken? She can no more abandon his to his creditors than he can her's. They

have not been divorced. They are not entitled to two homesteads. This eighty-two acre tract was their homestead, and the husband has never abandoned the homestead interest in the part appellee attempted to sell. But suppose the part in controversy had never been owned by Crockett until Kempner conveyed it to him—it lies adjacent to the part that was the homestead of Crockett and wife, and which, by the wife's occupancy, has continued to be the homestead of the family. In such case the part purchased, by the mere intent of the purchaser without overt act, becomes part of the constitutional home. Notice of the intent is given by the use made of the part to which the new purchase is adjacent. The owner of an one hundred acre farm is not required to enclose or build upon the fifty acres of woodland just outside his fence, which he has bought, to give notice that it is an addition to his home. The situation is sufficient to excite inquiry, and that would discover the intent.

Appellee might have been an innocent purchaser if he had bought from Kempner whilst the legal title and possession were with him, but, buying under an execution against Crockett, he cannot, on the principles stated, be innocent of Crockett's purpose in acquiring the title from Kempner to make the land in controversy a part of his home. That such was his purpose Crockett declared to his neighbors and testified on the stand. The 54⅝ acres of land were all in cultivation, but the land had no house on it. Crockett was too poor to build, but he used the rents in the support of himself and his four children—a grown son, a son 16 years old, a widowed and an unmarried daughter. He acquired no other land, nor attempted, so far as the record discloses, to dispose of this. These circumstances rather indicate than disprove the purpose he expressed.

There is nothing in the case of Edmundson v. Blessing, 42 Tex., 596, and 49 Tex., 333, in conflict with these views. There the deed contained recitals, which gave to it the legal effect of an abandonment of the homestead it conveyed. In the deed made to Kempner there was nothing inconsistent with Crockett's right and purpose to use the land under his equitable ownership as his homestead. In Edmundson v. Blessing, the entire homestead being abandoned, it could be redestinated only by a new intent manifested by acts. In this case the homestead continued on Mrs. Crockett's part, and the acquisition of a contiguous tract (the whole not exceeding 200 acres) itself sufficiently manifests the intent thus to extend the homestead, if the intent in fact exists. We conclude that the land in controversy was exempt from forced sale at the date of appellees purchase.

The judgment of the court below is reversed, and here rendered for

appellant that appellee take nothing by his suit, and that appellant go hence without day and recover of appellee all the costs in this court and in the court below.

REVERSED AND RENDERED.

[Opinion delivered November 10, 1885.]