HENRY M. GRIFFIN, BY GUARDIAN, v. J. W. HARRIS ET AL.

Decided May 27, 1905.

**1.—Homestead—Sale in Guardianship Proceedings.**

Where land, the homestead of a lunatic, was sold by his guardian to pay debts, under an order of court, the question whether the purchaser acquired a good title is not controlled by the fact that the records in the guardianship proceedings failed to show that the property was adjudged a homestead, but the test is, whether the property was in fact homestead at the time of the sale.

**2.—Same—Tenant in Common.**

Where a tenant in common owns jointly with others a tract in excess of 200 acres, he is entitled to claim his interest in the entire as a homestead to the extent of 200 acres.

**3.—Same—Inventory—Failure to Set Aside Homestead.**

That the court required the guardian to place the land on the inventory, in accordance with the statute, and failed to set it aside as a homestead, as the statute directs, did not have the effect of waiving the homestead exemption and making the land liable for the debts of the estate. Rev. Stats., arts. 1965, 2046.

**4.—Same—Void Order of Sale of Homestead.**

Since the Constitution protects the homestead from forced sale for the payment of debts, the order of the County Court directing its sale for such purpose, was a nullity, and no title passed to the purchaser at this sale, irrespective of whether or not he had knowledge that the property was homestead. Const. art. 16, sec. 50.

**5.—Same—Guardianship Proceeding as Affecting Homestead Right.**

Where, upon motion of a creditor for correction of the inventory of the estate, the court directed the guardian to place the land thereon, and the guardian claimed and pleaded at that time that the land was homestead, such order of the court did not affirmatively adjudge that the land was not the homestead.

Error from the District Court of Fannin. Tried below before Hon. Ben H. Denton.

*J. W. Donaldson,* for plaintiff in error.—1. If the premises were the homestead of said lunatic and his family when he was adjudged a lunatic, and were then occupied by them as a homestead, and appellee J. W. Harris knew of such occupancy, he could not claim that his want of knowledge that said lunatic claimed the premises as his homestead, protected his purchase under said guardian sale. Parr v. Newley, 73 Texas, 468; Watkins v. Edwards, 23 Texas, 448; Crockett v. Templeton, 65 Texas, 136; Higgins v. Bordages, 88 Texas, 465; Jenkins v. Volz, 54 Texas, 636.

2. The court having found that the premises were the homestead of Henry M. Griffin when he was adjudged a lunatic, and that he was then the head of a family, the County Court had no jurisdiction to order the sale of said homestead. Yarboro v. Brewster, 38 Texas, 397; Hamblin v. Warnecke, 31 Texas, 91; Sec. 50, art. 16, Constitution of Texas; Rotts v. Robertson, 93 Texas, 371; Withers v. Patterson, 27 Texas, 496; Marks v. Hill, 46 Texas, 350.

*Thurmond & Steger,* for defendants in error J. W. Harris and A. M. Griffin.—The court did not err in refusing to treat the orders of the County Court as nullities, and properly rendered judgment for plaintiff. Weems v. Masterson, 80 Texas, 45; Bouldin v. Miller, 87 Texas, 359; Murchison v. White, 54 Texas, 82; Mills v. Henderson, 60 Texas, 353; McNally v. Haynes, 59 Texas, 583; Alexander v. Maverick, 18 Texas, 196; Lynch v. Baxter, 4 Texas, 445; Heath v. Layne, 62 Texas, 687; Gillenwaters v. Scott, 62 Texas, 670; Chapman v. Frank, 60 Texas, 46.

*Richard B. Semple,* for the other defendants in error, joint owners of the land partitioned.—Our Supreme Court has said in Roots v. Robertson, 93 Texas, 371, that the exemption of the homestead from forced sale expressed in section 50 of article 16 of our present Consti-

tution applies to property while the head of the family is living, and that the Legislature can provide for the sale of the homestead only after the head of the family is dead. It therefore becomes a grave question whether a guardian of a lunatic while he is confined in the lunatic asylum can sell under orders of the court the lunatic's homestead and thereby deprive him of the only piece of property which could have contributed to his support. See Sampson v. Williamson, 6 Texas, 102; Root v. Robertson, 93 Texas, 371; Heidenheimer v. Thomas, 63 Texas, 290.

BOOKHOUT, Associate Justice.—This suit was instituted by J. W. Harris against J. P. Griffin and others to recover a one-sixteenth interest in 328 acres of land situated in Fannin County, and for partition. A trial before the court without the intervention of a jury resulted in a judgment for plaintiff for the land sued for, and a decree for partition and appointing commissioners to partition the land. From this judgment Henry M. Griffin, by his guardian ad litem, prosecutes a writ of error.

*Conclusions of Fact.*—Henry M. Griffin and Alice M. Griffin were married on November 14, 1900, and as the fruits of such marriage they have one child about three years old. Henry M. Griffin inherited through his mother, Mary Jane Griffin, deceased, a one-sixteenth interest in the 328 acres of land described in the petition. After his marriage he and his wife moved upon this 328 acres and lived in a house situated thereon and cultivated about 20 acres of the land the first year, and about 40 acres the second year they so lived thereon. He had thereon his farming tools, plows, cultivators and household and kitchen furniture. The house was not on the tract cultivated, but was on the 328 acres. The remainder of the land was owned, one-half by J. P. Griffin, the father of Henry M., and the balance, seven-sixteenths, by his brothers and sisters. Henry M. Griffin, while so living upon the land was by the proper authorities of Fannin County, adjudged a lunatic on October 8, 1902, and sent to the State Lunatic Asylum at Austin, where he has since been and is now confined. His wife, Alice M. Griffin, was appointed guardian of the estate of Henry M. Griffin and duly qualified as such.

On October 10, 1902, said guardian filed her first inventory and list of claims, which showed that said estate owned the following property, to wit: One horse, worth $25; one buggy, worth $50; one saw, worth $2; another saw, worth $0.50; one square, worth $0.50; said property alleged in said inventory to be the community property of said lunatic and his wife, Alice M. Griffin; said list of claims consisted of one note for $320, dated July 17, 1902, bearing 8 percent per annum interest from date. One note for $211.10, given by W. S. Church, dated July 21, 1902, secured by chattel mortgage on crops, and $85.70 in money, being community property of Alice and Henry M. Griffin. On June 18, 1903, one C. L. Parr, alleging that he had an established claim against the estate of said lunatic, applied to the County Court of Fannin County to require Alice M. Griffin, guardian of the estate of Henry M. Griffin, lunatic, to place on her inventory of said estate, the one-four-

teenth of said 328 acres, which interest said application stated that said Henry M. Griffin owned in said 328 acres. On July 2, 1903, Alice M. Griffin filed her answer to said application of C. L. Parr and resisted such application, alleging that said interest of said Henry M. Griffin in said 328 acres was one-sixteenth thereof. That it was the homestead of herself and the minor child of herself and Henry M. Griffin, about two years old, and was their homestead when said lunatic was taken to the lunatic asylum. The County Court sustained the application of C. L. Parr, and by its judgment, rendered July 6, 1903, ordered said one-sixteenth of said 328 acres placed on said guardian's inventory; said judgment was complied with by said guardian filing said additional inventory on July 8, 1903, which was approved by said court. On September 1, 1903, said guardian, Alice M. Griffin, applied to said County Court for an order to sell said one-sixteenth of said 328 acres of land, stating that C. L. Parr held a judgment against said lunatic for $114.40, rendered by Justice Court of Precinct No. 8, of said Fannin County, with interest at 8 percent from April 6, 1903, that there were other debts owing by the estate and that costs would be increased by creditors forcing such sale unless the application was granted. On October 13, 1903, the court made an order directing the guardian to sell, at public or private sale as she might deem most advantageous to said estate, for cash, said one-sixteenth of said 328 acres.

On December 28, 1903, said guardian reported to said County Court that she had sold said one-sixteenth of said 328 acres to J. W. Harris at private sale for $401 in cash, which sale was, on the 7th day of January, 1904, confirmed by said County Court, and deed was ordered made by said guardian to plaintiff for said one-sixteenth of said 328 acres, which she did on the 9th day of January, 1904.

Henry M. Griffin owned no land, except his interest in this 328 acres. The $401 paid by J. W. Harris for the land was its fair market value, and this money was paid by the guardian on debts owing by the lunatic, Henry M. Griffin, except a small sum still in possession of such guardian. J. W. Harris in purchasing the property from the guardian acted in good faith. While he did not know that Henry M. Griffin claimed the property as his homestead, he did know that he lived thereon with his family at the time he was adjudged a lunatic.

*Opinion.*—The learned trial judge was of the opinion that as the records of the County Court did not show that the land was the homestead of the lunatic, the County Court had jurisdiction to order the sale of said land, and that such sale and the confirmation thereof passed title to the purchaser. The County Court records did not affirmatively show that the land was not the homestead of Henry M. Griffin. The question as to whether the purchaser, under the facts of this case, acquired a good title is not controlled by the fact that the records in the guardianship proceedings failed to show that the property was the homestead of the lunatic. As we understand it the test is, was the property the homestead, in fact, of the lunatic at the time it was ordered sold, and at the time the sale was confirmed? It is clear that Henry M. Griffin was entitled to a homestead in the land. It is held that a tenant in common is entitled to a homestead in land owned jointly

by himself and others to the extent of his interest, not to exceed two hundred acres. (Clements v. Lacy, 51 Texas, 150.) It is further held that where a tenant in common owns jointly with others a tract in excess of two hundred acres, he is entitled to claim his interest in the entire tract as homestead to the extent of two hundred acres. (Jenkins v. Volz, 54 Texas, 636; Lewis v. Sellick, 69 Texas, 379.)

Nor do we think it can be seriously contended that such interest was not at the time Henry M. Griffin was adjudged a lunatic, his homestead. He was the head of a family and lived on the land and had cultivated twenty acres of the land for nearly two years. He owned no other land. He had his farming tools and implements thereon; also his kitchen and household furniture.

When it was sought to have the County Court to require the guardian to inventory said land as part of the estate of the lunatic, she resisted upon the ground that it was the homestead of herself and minor child. By the terms of the statute the guardian was bound to return a full inventory and appraisement of the property of the estate. (Rev. Stats., art. 1965.) And upon complaint in writing by anyone interested setting forth that error has been made in the inventory, and pointing out such error and citing the guardian to show cause why it should not be corrected, the court upon hearing was authorized to correct the same. (Rev. Stats., art. 1976.) The fact that the court ordered the guardian to correct her inventory by including the land therein did not adjudicate or determine that the property was not the homestead of the lunatic's family. It was proper to include the homestead in the inventory, and the fact that it was homestead furnishes no good reason for not including it therein. That the court failed to perform its full duty and set aside this property as the homestead at the first term of court after the inventory and appraisement were filed, as required by the statute (Rev. Stats., art. 2046), did not have the effect of waiving the homestead exemption and making it liable for the debts of the estate. We think it clear under the facts the property was the homestead of Henry M. Griffin at the time he was adjudged a lunatic and when it was sold by the guardian. (Parr v. Newley, 73 Texas, 468; Crockett v. Templeton, 65 Texas, 136.)

The Constitution of the State, article 16, section 50, protects the homestead from forced sale for the payment of all debts. Under this prohibition of the Constitution, the County Court is deprived of the jurisdiction or power to order a sale of the homestead to pay the ordinary debts of the estate. (Yarboro v. Brewster, 38 Texas, 418; Hamblin v. Wernecke, 37 Texas, 91; McClay v. Arnett, 47 Ark., 445.) The County Court not having the power to order the sale, no title passed to the purchaser at a sale made in pursuance of such order. The order was a nullity, and it is immaterial whether the purchaser had knowledge of the fact that the property was the homestead or not. Having purchased under a void order, he took no title. (Withers v. Patterson, 27 Texas, 500, 501.

It follows from these remarks that the trial court erred in rendering judgment for J. W. Harris, defendant in error, and in not rendering judgment for the plaintiff in error for an undivided one-sixteenth of the 328 acres of land. The judgment is reversed and here rendered for

plaintiff in error, Henry M. Griffin, and his guardian ad litem, for a one-sixteenth interest in the 328 acres of land described in the petition. The decree of the District Court for partition is not disturbed further than as stated above, but will be carried out by that court. The regular guardian is entitled to the possession and use of the land here recovered by plaintiff in error.

*Reversed and rendered.*

### OPINION ON REHEARING.

Henry M. Griffin's interest inherited through his mother in the 328 acres of land was one-sixteenth, or 20½ acres. The year he was adjudged a lunatic he was cultivating 40 acres of the 328 acres, an excess of 19½ acres over the interest owned by him. For this excess he paid rent to his father. The records of the Probate Court in the matter of the guardianship of Henry M. Griffin, showed that when the motion was made to require the guardian to inventory this land the guardian resisted, setting up that it was the homestead of herself and child. The estate of the lunatic, excluding the homestead from the assets, is and always has been insolvent. When J. W. Harris purchased the property he knew that Henry M. Griffin lived upon the land with his family, and had his household and kitchen furniture, tools and farming implements thereon, and that he owned no other homestead. J. W. Harris is the father of the guardian, Mrs. Griffin.

The statement in the opinion that "the County Court records did not affirmatively show that the land was not the homestead of Henry M. Griffin," is liable to be misunderstood. By this we meant to say that the records did not show that the question of homestead *vel non* had been passed upon by that court. It is true the court ordered the guardian to inventory the property, but this did not affirmatively adjudge that it was not the homestead. The records did show that the guardian at the time the motion to require it to be placed on the inventory was heard, claimed and plead that it was the homestead of herself and child. The record in this respect is similar to that passed upon in Hamblin v. Wernecke, 31 Texas, 94, and it was there held that the records of the County Court showed the property was homestead. It was shown on the trial that the land has been in the possession of J. P. Griffin, the father of Henry M. Griffin, since the purchase by J. W. Harris, and that the rent of the property during such time was of the value of $80, and J. W. Harris recovered judgment for that amount. In the opinion nothing was said as to rents, but the judgment was here rendered for appellant for the land and $80 rent.

The motion for rehearing is overruled.

*Overruled.*

Writ of error refused.