POWELL v. OTT.

(Court of Civil Appeals of Texas. Texarkana. April 4, 1912. Rehearing Denied May 2, 1912.)

1. HOMESTEAD (§ 118*)—CONVEYANCE—JOINDER BY WIFE—NECESSITY.

Under the direct provisions of Const. art. 16, § 50, and Sayles' Ann. Civ. St. 1897, art. 636, there can be no valid conveyance of a homestead without the joinder of the wife therein.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 192, 195, 203–209, 216, 217; Dec. Dig. § 118.*]

2. HOMESTEAD (§ 84*)—TENANCY IN COMMON.

A tenant in common may acquire a homestead in land owned in common with others.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 121, 122; Dec. Dig. § 84.*]

3. ADOPTION (§ 17*)—BURDEN OF PROOF.

In trespass to try title in which defendant claimed as the adopted heir of a certain person, the burden was on defendant to prove that

he owned an interest in the land as an adopted heir.

[Ed. Note.—For other cases, see Adoption, Cent. Dig. § 5; Dec. Dig. § 17.*]

4. ADOPTION (§ 21*)—HEIRSHIP.

Heirship by adoption was not known at common law.

[Ed. Note.—For other cases, see Adoption, Cent. Dig. §§ 35, 36, 38–40; Dec. Dig. § 21.*]

5. ADOPTION (§ 8*)—SUFFICIENCY OF PROCEEDINGS.

Declarations by the person claimed to have adopted another as heir were not sufficient to establish heirship by adoption; a compliance by the adopting parents with Sayles' Ann. Civ. St. 1897, arts. 1, 2, being essential.

[Ed. Note.—For other cases, see Adoption, Cent. Dig. §§ 12–14; Dec. Dig. § 8.*]

6. HOMESTEAD (§ 82*)—LIFE ESTATE.

The owner of a life estate in land may assert a homestead therein.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 119; Dec. Dig. § 82.*]

7. DEEDS (§ 143*) — CONSTRUCTION — ESTATE PASSING.

An instrument executed by a man and wife read, "Know all men by these presents that we, * * * in consideration of the love and affection we bear to P., an adopted son, and for services rendered by the said P., have granted, bargained, sold and conveyed and by these presents do grant, bargain, sell and convey to the said P." the land described, "to have and to hold to him * * * the said land and premises for and during his natural life, and in the event that the said P. shall die without an heir or heirs of his body then said land and premises shall descend to and vest in" the grantors' heirs, "and it is expressly understood, designed and intended that this deed of conveyance shall not take effect until after both of our deaths, and we hereby reserve and retain the title to the said land during our natural lives, and at our deaths this deed shall be in full force and effect." Held that, if construed as a deed, the instrument conveyed an estate to commence only at the death of the survivor of the grantors.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 453–455, 465–468; Dec. Dig. § 143.*]

Appeal from District Court, Bowie County; P. A. Turner, Judge.

Action by S. S. Ott against John Powell. From a judgment for plaintiff, defendant appeals. Affirmed.

December 3, 1888, L. C. Powell and his wife, S. E. Powell, signed and duly acknowledged an instrument in writing as follows: "The State of Texas, County of Bowie: Know all men by these presents that we, Luke C. Powell and Mrs. S. E. Powell, husband and wife, for and in consideration of the love and affection we bear to John Powell, an adopted son, and for services rendered to us by said John Powell, have granted, bargained, sold and conveyed, and by these presents do grant, bargain, sell and convey to the said John Powell, the following tract of land, to wit: [Here follows description by metes and bounds of 80 acres of land.] Together with all and singular the rights, members and appurtenances thereto belonging. To have and to hold to him, the said John Powell, the said land and premises for

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

and during his natural life, and in the event that the said John Powell shall die without an heir or heirs of his body, then the said land and premises shall descend to and vest in M. A. Powell and L. C. Powell, junior, the heirs of the vendors Luke C. Powell and Mrs. S. E. Powell, husband and wife. And it is expressly understood, designed and intended that this deed of conveyance shall not take effect until after both of our deaths, and we hereby reserve and retain the title to the said land and premises during, our natural lives and, at our deaths this deed shall be in full force and effect. Witness our hands," etc. At the time this instrument was so signed and acknowledged John Powell, the grantee named therein, was about 19 years of age, and lived with the makers thereof. The instrument was never delivered to him, but it was filed for record in the office of the county clerk of Bowie county, December 4, 1888, and was recorded December 17, 1888. Thereafterwards it was kept by L. C. Powell and his wife in a trunk where they kept other papers belonging to them. John Powell moved to the land in 1893, built a house on it, and cleared about 20 acres of it. L. C. Powell died in 1894. John Powell married in 1900, and with his wife lived on and used the land as a home until she died in 1902. He married again in 1903, but did not again live on the land until 1909, when he and his wife moved to it, and thereafterwards resided, on and used it as their homestead. The land was part of a tract of about 700 acres owned by L. C. Powell and his wife, S. E. Powell. By a deed dated February 16, 1905, the latter, joined by heirs of her deceased husband and by John Powell, conveyed the entire tract, including the 80 acres above referred to, to one J. O. Stribbling, who by a deed dated May 4, 1910, conveyed same to S. S. Ott. The wife of John Powell did not join him in the execution of the deed to Stribbling. She claimed that the 80-acre tract was her homestead. John Powell, it seems, was induced to join in the execution of the deed conveying the 80 acres as a part of the tract of 700 acres by representations made to him by Mrs. S. E. Powell that Stribbling would not purchase unless he could get the entire 700 acres, and by her assurance that, if he joined in the conveyance, a part of the purchase price to be paid by Stribbling would be paid over to him as a consideration for his conveyance of such interest as he had in the 700-acre tract, including the 80 acres. It seems Mrs. S. E. Powell failed, when the purchase price was paid by Stribbling, to pay over any part of it to John Powell. Claiming that by virtue of the instrument set out above he had a life estate in the 80 acres, and as the adopted heir of L. C. Powell, deceased, owned absolutely an undivided interest therein, and further claiming that at the time he joined in the deed to Stribbling the 80 acres was his homestead, and that because it was, and because his wife did not join in the execution of the deed, it did not operate to devest them of their homestead right, John Powell, in 1909, as stated above, moved with his wife to the land and thereafterwards occupied, used and claimed it as their home. The suit was the statutory one of trespass to try title. It was brought by appellee, Ott, the purchaser from Stribbling, against John Powell, to recover the 80 acres of land described in the instrument set out above. The trial was by the court without a jury. The judgment was in favor of appellee.

Geo. W. Johnson, of New Boston, for appellant. Rodgers & Dorough, of Texarkana, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] The parties agreed that the titles respectively asserted by them emanated from L. C. Powell and Mrs. S. E. Powell, his wife. Therefore it can be said that the legal effect of the deed to Stribbling was to vest in him a good and perfect title to the land in controversy, unless at the time the deed was executed it was the homestead of appellant and his wife. If it was then their homestead, the interest or estate owned by them did not pass to Stribbling, because appellant's wife did not join him in the execution of the deed purporting to convey same. Const. art. 16, § 50; Sayles' Stat. art. 636. The judgment involves a finding that the land was not then the homestead of appellant and his wife. Unless the contrary of this finding was established by the testimony, the judgment is not erroneous as claimed by appellant, and it should be affirmed.

In determining the question indicated, the inquiry first suggested by the record is: Did appellant own an interest in the land entitling him and his wife to claim it as a homestead? His contention is that he did in one or both of two ways: (1) That as an adopted heir of L. C. Powell on the death of the latter he took by inheritance an undivided interest in it, and owned it as a tenant in common with the other heirs, and the widow, of said L. C. Powell; and (2) that by virtue of the instrument set out in the statement he owned a life estate in it.

[2-5] It is settled in this state that a tenant in common may acquire a homestead in land he owns in common with others. Clements v. Lacy, 51 Tex. 150; Jenkins v. Volz, 54 Tex. 636; Southwestern Mnfg. Co. v. Swan, 43 S. W. 813; Lewis v. Sellick, 69 Tex. 379, 7 S. W. 673; Griffin v. Harris, 39 Tex. Civ. App. 586, 88 S. W. 492. If, therefore, it should be said that it appeared from the testimony that appellant as a tenant in common with others owned an interest in the land, it should be said, further, that during his first marriage it became his

homestead, for the testimony was undisputed that he and his first wife occupied and used it as their homestead. If it became their homestead, and if the finding involved in the judgment that by abandonment it had ceased to be homestead at the time the deed to Stribbling was executed should be said to be without support in the testimony, which in the view we take of the case it will not be necessary to determine, it would follow that the judgment in favor of appellee is erroneous. For, as stated above, the husband cannot, without the consent of the wife evidenced as required by law, by his deed convey the homestead. Wheatley v. Griffin, 60 Tex. 209; Southern Oil Co. v. Colquitt, 28 Tex. Civ. App. 292, 69 S. W. 169; Coker v. Roberts, 71 Tex. 597, 9 S. W. 665. The burden was on appellant to prove his contention that as an adopted heir of L. C. Powell, deceased, he owned an interest in the land to which a homestead right had attached at the time he joined in the deed to Stribbling. He could have become such an heir only in the way provided by the statute, for heirship by adoption was not known to the common law. Eckford v. Knox, 67 Tex. 204, 2 S. W. 372; Abney v. De Loach, 84 Ala. 393, 4 South. 757; Kennedy v. Boroh, 226 Ill. 243, 80 N. E. 767. The statute provided that "any person wishing to adopt another as his legal heir may do so by filing in the office of the clerk of the county court of the county in which he may reside, a statement in writing, by him signed and duly authenticated or acknowledged, as deeds are required to be, which statement shall recite in substance that he adopts the person named therein as his legal heir, and the same shall be admitted to record in said office." Sayles' Stat. art. 1. It further provided that "such statement in writing, signed and authenticated or acknowledged, and recorded as aforesaid, shall entitle the party so adopted to all the rights and privileges, both in law or equity, of a legal heir of the party so adopting him." Sayles' Stat. art. 2. It does not appear from the record before us that the requirements of the statute were complied with by L. C. Powell, or that he ever made an effort to comply with them. The testimony relied upon to prove that appellant had been adopted by said L. C. Powell as his heir consisted alone of declarations by said L. C. Powell and his wife that he was their adopted child. That testimony was not sufficient to establish that he had been lawfully adopted by L. C. Powell as his heir. McColpin v. McColpin's Estate, 75 S. W. 824; Moore v. Bryant, 10 Tex. Civ. App. 131, 31 S. W. 223. Therefore it cannot be said that the finding involved in the judgment that appellant was not an adopted heir of L. C. Powell was erroneous. Hence we conclude that the contention made that as such an heir appellant was a tenant in common with others owning undivided interests in the land, and for that reason

entitled to claim a homestead right in it, should be overruled.

[6, 7] But, notwithstanding appellant as an heir of L. C. Powell did not own an interest in the land, if he owned a life estate in it by virtue of the instrument set out in the statement, the land might have been his homestead; for it is also settled in this state that the owner of a life estate in land can assert a homestead right in it. Silverman v. Landrum, 56 S. W. 107; Wheatley v. Griffin, 60 Tex. 209. The question arises, then: Did it appear that appellant owned a life estate in the land? His contention, it seems, was that the instrument was a deed, and as such operated to pass to him at the date of its execution a right thereafterwards to use and occupy the land until the death of L. C. and S. E. Powell, when it operated to vest in him, in addition to the right to possess and use the land, the title to a life estate therein. The stipulation in the instrument that it should not take effect until the death of both L. C. Powell and S. E. Powell, and the reservation by them therein of the title to the land during their lives, appellant argues should be construed as having no other effect than to make them trustees for him of the legal title during their lives. The contention of appellee was that the instrument was a will, and not a deed; and, if a deed, that it did not operate to pass to appellant an estate or interest of any kind in the land until after the death of both L. C. Powell and S. E. Powell. We agree that, if the instrument should be construed to be a deed, the estate it conveyed was not to commence until the death of both L. C. Powell and S. E. Powell; and that, as the latter was alive at the date of the trial, appellant never by virtue of the instrument owned an estate or interest in the land to which a homestead right could have attached. It therefore is unnecessary to determine whether the instrument should be construed to be a will or a deed; for, whether it should be construed to be the one or the other, it could not be held to furnish a basis for his claim that the land was appellant's homestead. If the instrument should be construed to be testamentary, it never operated as a will, because it was not executed with the formalities with which such instruments were required to be executed; and, moreover, had it been so executed, the estate in the land it might be held to devise would not by virtue of it vest until the death of S. E. Powell, and she was still alive. Construing the instrument as a deed, and assuming that the testimony was such as to demand a finding that it had been so delivered as to take effect as such, we think, as indicated above, it sufficiently appears from the language used that the intent of the grantors was to convey an estate to commence at the date of the death of the survivor of them, and not before that time. In the sentence con-

cluding the instrument the makers thereof expressly declared that to be their intent. But; it is claimed language used by them in other portions of the instrument indicated a contrary intent: That the words "grant, convey," etc., to appellant, "to have and to hold" the land "for and during his natural life," indicated an intent to then vest in him a life estate in the land. Considered apart from the express declaration following, that the design and intent of the grantors was that the instrument should not operate as a conveyance until both of them were dead, and that they reserved the title to the premises during their lives, such would be the effect of the language. But when considered, as it should be, in connection with that declaration, we do not think the language in question renders the meaning of the grantors ambiguous. Looking to the entire instrument, we think it is clear that the intent of the grantors was to reserve in themselves while they both were alive, and in the survivor of them while living, the title to the land, and to pass to appellant an estate for life, which should not commence until the death of the survivor of them.

The judgment is affirmed.