MASSILLON ENGINE & THRESHER CO.
v. BARROW et al.　(No. 367.)

(Court of Civil Appeals of Texas. Beaumont.
May 13, 1918. Rehearing Denied
June 5, 1918.)

1. HOMESTEAD ⬟84 — EXTENT—TENANTS IN
COMMON.

Where tenants in common live upon a large tract of land, each occupying different parts as their respective homesteads, the homestead interest of each extends through the entire tract, and upon partition each of the cotenants is entitled to a homestead containing not exceeding 200 acres.

2. HOMESTEAD ⬟84 — COTENANCIES—PARTITION.

Where several cotenants live upon a common piece of land as their homestead, a subsequent partition does not disturb the respective homesteads which the cotenants had originally acquired.

3. HOMESTEAD ⬟143 — RIGHTS OF WIDOW
AND CHILDREN.

Where a surviving widow and several children live as cotenants upon a common piece of land, the legal title of which is owned by one of the children, their mother is not entitled to 200 acres of the land as her homestead; she having recognized the interest of the children, and they also claiming homestead rights in the land.

4. HOMESTEAD ⬟145—DESIGNATION—ESTOPPEL.

In a suit wherein defendant children, as tenants in common, claimed homestead rights in the land as against foreclosure of a lien, evidence held not to sustain an allegation that they had designated such homestead, so as to estop them from claiming homestead rights in a large tract.

5. JUDGMENT ⬟693—HUSBAND AND WIFE—
RES JUDICATA.

In a suit for an injunction against a foreclosure action, wherein the wives of petitioners did not set up their homestead rights in the lands sought to be sold, the decree in the foreclosure action did not conclude them from claiming such rights; the wives of petitioners not being joined in the foreclosure action.

Appeal from District Court, Chambers County; J. Llewellyn, Judge.

Action by Clarence Barrow and others against the Massillon Engine & Thresher Company for an injunction. From a judgment for plaintiffs, defendant appeals. Affirmed.

H. E. Marshall, of Liberty, and A. W. Marshall, of Anahuac, for appellant. Stevens & Stevens, of Houston, for appellees.

BROOKE, J. On the 7th day of October, 1903, J. M. Barrow and wife, Jane Barrow, Lee Barrow and wife, Josephine Barrow, and Clarence Barrow and wife, Rosa Barrow, executed to B. R. Garland, trustee, in favor of the Massillon Engine & Thresher Company, a deed of trust on 540 acres in the F. Banda survey and 160 acres in J. S. Barrow preemption survey, to secure the payment of certain notes given by J. M. Barrow, Lee Barrow, and Clarence Barrow to the Massillon Engine & Thresher Company. Afterwards, on the 13th day of March, 1905, in the district court of Chambers county, Tex., the Massillon Engine & Thresher Company recovered judgment against J. M. Barrow, Lee Barrow, and Clarence Barrow for the amount of the notes above described and for foreclosure of their deed of trust lien on the land described. An order of sale was issued on said judgment, and on April 27, 1905, the appellees in this court, plaintiffs in the district court, Clarence Barrow and wife, Lee Barrow and wife, and J. M. Barrow and wife, secured a writ of injunction from the district judge of Chambers county, Tex., prohibiting the sale of said property under the order of sale issued in the forclosure case, upon the ground that the property involved was at the time of the execution of said deed of trust the homestead of the plaintiffs.

Plaintiffs allege that J. M. Barrow and wife, Clarence Barrow and wife, and Lee Barrow and wife are, respectively, the owners of 62 acres undivided interest in and to the 700 acres of land described in said deed of trust, and claiming said 62 acres undivided interest as their homestead. A temporary writ of injunction was granted by the court, and upon trial of the case on the 4th day of June, 1917, the court entered judgment for the plaintiffs, appellees in this court, perpetuating the injunction granted theretofore. Some of the original plaintiffs had died before the case was tried, but it is agreed by the parties that all necessary and proper parties, plaintiffs and defendants, were before the court on trial.

It might be well, however, to state that during the pendency of the suit the land was partitioned among several tenants in common, including the original plaintiffs. The contention of appellees was that they were entitled to acquire homesteads upon the undivided tract of land. J. M. Barrow and Lee Barrow having died since the suit was instituted on the 6th day of June, 1917, their heirs were made parties plaintiff by an amended pleading. The undisputed evidence shows that all three of the original plaintiffs were married men, and were either living upon the land covered by the mortgage at the time of its execution as their respective homes or were using parts of same as homestead property, and that each of said original plaintiffs so owned and used less than 200 acres of land.

Appellant's first assignment of error challenges the action of the lower court in rendering judgment for the plaintiffs, in that the great weight of credible testimony in this cause discloses that the land described in the mortgage executed by J. M., Lee, and Clarence Barrow and their wives to the Massillon Engine & Thresher Company was not the homestead of said Barrows at the time of the execution of said mortgage, in that it had not been appropriated, designated, and named as a homestead, or used in such a manner as

to make it a homestead, and because the preponderance of the credible testimony was that only a small part of said land was being used or claimed as a homestead by said Barrows at the time of the execution of said mortgage.

The proposition under this assignment is that, in order for appellees to have claimed a homestead of their interest in the undivided estate of J. S. Barrow, deceased, they must have lived upon and inclosed and used such portion of said undivided estate as they claim as homestead; and appellees, in this case, could not and cannot claim as a homestead more than such amount in the undivided estate as they actually lived upon, used, and enjoyed as homestead, and as was afterwards set apart to them in the partition of the J. S. Barrow estate, and, the evidence showing undisputedly that they did not so actually live upon what they now attempt to claim as a homestead, they are not entitled to recover.

[1] On the contrary, it is contended that the judgment of the court sustained the contention of plaintiffs that the property covered by the lien included the homesteads of each of them, and that the evidence was sufficient to show that the appellee Clarence Barrow and his brothers, J. M. Barrow and Lee Barrow, were living upon the land with their respective wives as their homesteads at the time of the execution of the mortgage; that the subsequent partition of the land among the cotenants did not have the legal effect to disturb the respective homesteads which the original plaintiffs had thus acquired. We are of opinion that the facts sustain appellee's contention, and we are of opinion that, where tenants in common live upon a large tract of land, each occupying different parts of the same as their respective homesteads, the homestead interest of each extends through the entire tract, and upon partition each of said cotenants is entitled to a homestead containing not exceeding 200 acres of land. Brown v. McLennan, 60 Tex. 43; Luhn v. Stone, 65 Tex. 439; Griffin v. Harris, 39 Tex. Civ. App. 586, 88 S. W. 493; Powell v. Ott, 146 S. W. 1019.

[2] Without going into the testimony in detail, it is sufficient to say that the evidence was sufficient, in our opinion, to show that the said Barrows were living upon the land with their respective wives as their homestead at the time of the execution of the mortgage, and in our opinion the subsequent partition of the land among the cotenants did not have the legal effect to disturb the respective homesteads which the original plaintiffs had thus acquired. Clements v. Lacy, 51 Tex. 150; Morgan v. Estate of Morgan, 1 Posey, Unrep. Cas. 400; Parr v. Newby, 73 Tex. 468, 11 S. W. 440; Jenkins v. Volz, 54 Tex. 639. The assignment is therefore overruled.

[3] The second assignment of error is that the court erred in rendering judgment herein and perpetuating the injunction, because 200 acres of the land described in the mortgage executed by the Barrows to the Massillon Engine & Thresher Company, including the homestead of J. S. Barrow, deceased, where his widow lived at the time of the execution of the mortgage, could not, on the date of the execution of the mortgage, be the homestead of said Barrow, who executed the mortgage, for the reason that it was their mother's homestead, and said Barrows only acquired a right in and to said 200 acres of land at the death of their mother, which occurred after the date of the execution of the mortgage, and said 200 acres was subject to be sold in satisfaction of the judgment in favor of the Massillon Engine & Thresher Company.

The proposition under this assignment is that, so long as a surviving widow lives on a homestead, even if the children own the legal title, she is entitled to 200 acres as her homestead, and the children cannot waive homestead rights therein until her death or abandonment of her homestead rights.

On the contrary, it is contended that the question of the rights of the widow in the homestead, as between herself and children, as raised by the appellant's proposition, has no application to this case under the facts of this case, since it was shown that the widow recognized the respective interests of the children, and Clarence Barrow had a fee-simple title to the homestead upon which his mother was living, such fee-simple title being an undivided interest and the same being duly recognized; further, said Clarence Barrow lived on said property as his homestead with his said mother, and in the partition of the estate the same was allotted to him.

In our judgment, we see no necessity for going further than making a statement of their contentions, for we are of opinion that this assignment must be overruled.

The third assignment of error is that the court erred in rendering judgment herein, and perpetuating the injunction herein, for the reason that Clarence Barrow, as the undisputed evidence in this case shows, is not entitled to a homestead in any of the land described in plaintiff's petition, because, when said mortgage was executed by Lee, John, and Clarence Barrow and their wives to the Massillon Engine &, Thresher Company, Clarence Barrow lived with his mother, who was the widow of J. S. Barrow, deceased, and under the law was entitled to 200 acres of land as a homestead, including the place they used at the time of the execution of said mortgage, and she was actually living on the old homestead place, using said place as a homestead, and the said Clarence Barrow was living with his mother, and subjected no part of said land described in said mortgage as his homestead property, and did not claim his homestead rights in any part of the land.

The proposition under this assignment is that a child cannot acquire any homestead interest in a tract of land occupied and used by the surviving widow as the homestead of herself and deceased husband, so long as she elects to occupy it.

On the other hand, it is contended that Clarence Barrow was living upon the land, having an undivided interest therein of less than 100 acres, and claimed the land as his homestead.

Clarence Barrow testified that he was living upon the place which he got in the partition, and that he cultivated nearly all of his land, except the timber part of it; that he lived on the old homestead with his mother at the time of the execution of the mortgage, and that he had lived there ever since the death of his father; that he rented no land from his mother, but just worked there with her. The assignment is overruled.

[4] The fourth assignment challenges the action of the lower court as being error in rendering judgment herein, because the undisputed proof shows that the Massillon Engine & Thresher Company loaned the money, to wit, about $2,500, in consideration of said mortgage, and that said three Barrows and their wives executed said mortgage, and represented that they only claimed 10 acres each as a homestead and thereby perpetrated a fraud on said Massillon Engine & Thresher Company; none of said Barrows occupying but small portions of the tract mortgaged, and no evidence of occupancy or of subjection of homestead uses appearing at the time said mortgage was made. Said Barrows and the plaintiffs in this case who hold under them, are estopped from urging the homestead rights to more than ten acres each.

The proof in this case shows that neither of the parties who executed the mortgage owned in excess of 200 acres of the tract of land; hence the deed of trust, with the following declaration:

"I, Evander Light, hereby certify that all the parties each for themselves do not claim any homestead rights, save and except (10) ten acres out of the above-described land, to be by each family selected when it may be necessary, should it ever happen. This is meant thirty acres all told for homestead purposes, ten acres for each family."

Clarence Barrow testified that, while he signed the said mortgage, he denied any recollection of such language being used, and his statement is as follows:

."I do not remember telling him that we did not claim this land as a homestead. My brothers might have told him that they did not claim the land as a homestead. I don't know whether they did or not. My brother John did most of the talking."

However, said pretended designation, in the light of the fact that the land was being used as a part of land for homestead purposes, that only 62 acres were set aside from the 700 acres, in the light of the further fact that the wives were not made parties to the original suit and their rights were not litigated, did not, in our opinion, estop the tenants. Suffice it to say that they were living on the land and using at least a part of same, and had the right, under the law, to claim their exemption. For the sake of brevity, we may say that it is well settled in this state that the contentions of appellant cannot be sustained. Therefore the assignment is overruled.

[5] The fifth assignment of error complains that the court erred in rendering judgment herein, because said Barrows and the plaintiffs herein have had their day in court, and the judgment heretofore rendered in the old case is binding upon the parties to this suit, because it was not necessary, in the original suit, for the wives of said Clarence, John, and Lee Barrow to be made parties to the suit, in that the petition for the injunction in the present suit does not set up that the peculiar homestead rights of the wives of said parties were affected, or that the homestead rights that they are asserting could not have been asserted and were not asserted by the Barrows in the original suit, and for that reason they set up and plead no fraud, and the judgment in the original suit is res adjudicata on the homestead question, and the present plaintiffs and wives of the original Barrows are bound by the first judgment.

On the contrary, it is urged that a sale under a judgment foreclosing a mortgage upon a homestead, the wife not being party to the suit, is void, and does not preclude the wife from asserting her homestead rights in any subsequent proceeding.

In cause No. 551, which was filed by the Massillon Engine & Thresher Company for the foreclosure of the mortgage, the wives of J. M. Barrow and Clarence Barrow and Lee Barrow were not made parties defendant, and the amended petition in said cause No. 551, and the judgment in said cause No. 551, which was attached by the plaintiffs in this cause, did not foreclose the lien against the wives of the said J. M. Barrow, Lee Barrow, and Clarence Barrow. Without going further, in our opinion, this assignment must be overruled. See Odum v. Menafee, 11 Tex. Civ. App. 119, 33 S. W. 129; Campbell v. Elliott, 52 Tex. 151; Thompson v. Jones, 77 Tex. 627, 14 S. W. 222; Jergens v. Schiele, 61 Tex. 255; Freeman v. Hamblin, 1 Tex. Civ. App. 157, 21 S. W. 1019; Mexia v. Lewis, 3 Tex. Civ. App. 118, 21 S. W. 1016.

We have examined this record carefully, and we believe that the rights of appellant were fully protected, its case was fairly tried, and we have found no error of such magnitude as would cause us to reverse and remand the cause.

The judgment is in all things affirmed.