MITCHELL et al. v. KEMP & BURPEE MFG. CO.

(Circuit Court of Appeals, Third Circuit. January 7, 1915.)

No. 1873.

1. Words and Phrases—"Waiver."

A "waiver" is a voluntary surrender of a right. It exists when the party does not insist on or gives up some advantage which, but for the waiver, he would have enjoyed. It may be established by acts, conduct, declarations, and even by the silence of a party, as well as by his express consent and approval, and of necessity may be proven by parol. While it is not in a proper sense a species of estoppel, yet if a party to a transaction induces another to act on the reasonable belief that he has waived or will waive certain rights, remedies, or objections which he is entitled to assert, he will be estopped to insist on such rights, remedies, or objections to the prejudice of the other.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Waiver.]

2. Patents (§ 216*)—Territorial Rights—Waiver.

Complainant company, manufacturing manure spreaders including a patented device, sued the K. Company for infringement, and in December, 1902, settled such suit, and afterwards licensed the K. Company generally to use the patented device upon its manure spreaders. Thereafter, with full knowledge of the license, complainant gave to defendant M. the exclusive right to sell its spreaders in a prescribed territory, he having accepted the contract without knowledge of the K. Company's license; but a similar contract was made by complainant with M. for the year 1904, and with M. & Son for the years 1905 and 1906, with full knowledge on their part of the license. Held, that defendants, M. and M. & Son, having renewed their contract with such knowledge, waived the right to claim damages by reason of the sale of the K. Company's spreaders in such territory.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 329; Dec. Dig. § 216.*]

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

Action by Benjamin C. Mitchell, individually, and Benjamin C. Mitchell and another, trading as B. C. Mitchell & Son, against the Kemp & Burpee Manufacturing Company. Judgment for defendant (215 Fed. 935), and plaintiffs bring error. Affirmed.

J. Barton Rettew, of Philadelphia Pa., for plaintiffs in error.
Stewart F. Hancock, of Syracuse, N. Y., for defendant in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

WOOLLEY, Circuit Judge. The Kemp & Burpee Manufacturing Company, which will hereafter be referred to as the Manufacturing Company, instituted an action against the copartnership of B. C. Mitchell & Son to recover a balance due for merchandise sold under a contract. Mitchell & Son admitted the amount due, but in avoidance of payment made a counterclaim for damages arising out of alleged breaches of the contract by the Manufacturing Company, which, in addition to being presented as a defense to the action instituted against them by the Manufacturing Company, was alleged as the cause of action in suits instituted by Benjamin C. Mitchell, individually, and by Mitchell & Son, copartnership, against the Manufacturing Company. There then existed several actions involving various phases of the same controversy, which afterward were consolidated, and referred to a referee "to settle all differences, claims, and demands existing between the parties." Upon this comprehensive submission the referee made an award, in affirmance of which the District Court entered judgment, which, upon writ of error, is now before this court for review.

The Kemp and Burpee Manufacturing Company was a corporation engaged in the business of manufacturing and selling a certain type of manure spreaders. It owned and used in connection therewith a certain invention or device covered by letters patent, being a sleeve upon the beater driving mechanism of a manure spreader, and for a considerable period prior to December, 1902, it was in litigation with a rival concern, known as the J. S. Kemp Manufacturing Company, hereinafter referred to as the Kemp Company, for infringement of the patented device. On December 6, 1902, the infringement suit was settled, and under stipulations of the parties a decree was entered establishing the validity of the patent and fixing an amount of damages sustained by the Manufacturing Company because of the infringement. Upon the same date, and pursuant to the same stipulation, the Manufacturing Company entered into an agreement with the Kemp Company, whereby it licensed the Kemp Company to make and sell on royalty, in territory which included that hereinafter described, the device covered by the letters patent. It is important to observe that by the license the Kemp Company was not authorized to make and sell manure spreaders of the type made and sold by the Manufacturing Company, but was authorized to make and use upon its own manure spreaders the appliance or device covered by the patent.

On January 1, 1903, in full knowledge of the license granted in the month preceding, the Manufacturing Company entered into a contract with B. C. Mitchell, whereby, in terms similar to contracts that previously existed between them, it gave to Mitchell the exclusive right to sell its manure spreaders in a restricted territory, which included the state of New Jersey and certain counties in the states of Pennsylvania, Delaware, and Maryland. A similar contract was made by the Manufacturing Company with Mitchell for the year 1904, and with Mitchell & Son for the years 1905 and 1906.

At the hearing before the referee, the Manufacturing Company claimed the whole amount of its book account admitted by Mitchell & Son to be due (except for the damages claimed), and urged that in granting the license to the Kemp Company it did not violate the provisions of the contracts with Mitchell or Mitchell & Son, conferring upon them the exclusive right to sell in the territory designated, because, first, the license contract extended only to the use and sale of a patented device upon manure spreaders manufactured by the Kemp Company, and not to the sale of manure spreaders manufactured by the Manufacturing Company; and, second Mitchell and Mitchell & Son made their contracts for the years 1903, 1904, 1905, and 1906 in full knowledge of and acquiescence in the license referred to. Mitchell and Mitchell & Son made a counterclaim for damages, upon the ground that when they entered into the contracts they were ignorant of the outstanding license which brought a part of the machine of the Manufacturing Company in competition with them in the territory which had been granted exclusively to them.

The referee admitted evidence of the knowledge on the part of Mitchell and Mitchell & Son of the outstanding contract of license at and before the dates upon which they entered into their several contracts with the Manufacturing Company, and found that at the time Mitchell entered into the contract for 1903 he was ignorant of the outstanding license and at the time Mitchell and Mitchell & Son, respectively, entered into the contracts for 1904, 1905, and 1906, they knew of the outstanding license and acquiesced in the same. Counsel for Mitchell and Mitchell & Son objected to this evidence, and as error assigned that it was admitted to alter and vary the unambiguous terms of the written contracts, and that upon the evidence the referee gave to the contracts a construction different from that which their terms import. The referee held that the evidence was admitted to show knowledge of and acquiescence in the outstanding license by Mitchell and Mitchell & Son when they entered into the contracts, and that by their words showing knowledge, and by their conduct showing acquiescence, they waived the right conferred upon them by certain of the contracts to exclusively sell in the territory designated manure spreaders with the appliance covered by the letters patent.

We do not consider the question presented in this case to be one of the construction of the contracts entered into, for the plain terms of the contracts leave nothing to be construed; nor do we find that either in admitting or considering evidence pertaining to the knowledge

and conduct of Mitchell and Mitchell & Son, respecting the outstanding license, the referee or the court below construed or attempted to construe the contracts in suit. In fact they admitted that the contracts meant what they said, when by their terms they gave to Mitchell and Mitchell & Son, respectively, the exclusive right to sell manure spreaders made by the Manufacturing Company in the territory prescribed. The question presented and decided was whether Mitchell and Mitchell & Son waived any rights or advantages to which, by the terms of the contract, they were entitled.

[1] Tersely stated, a waiver is a voluntary surrender of a right. It exists when a party does not insist upon or gives up some advantage which, but for the waiver, he would have enjoyed. It is an election by one to dispense with something of value or to forego an advantage he might have taken or insisted upon, and which he has voluntarily relinquished or surrendered. 40 Cyc. 252.

"Waiver is where one in possession of any right, whether conferred by law or by contract, and with full knowledge of the material facts, does or forbears the doing of something inconsistent with the existence of the right or of his intention to rely upon it. Thereupon he is precluded from claiming anything by reason of it afterwards." Bishop on Contracts, § 792; Pokegama Sugar Pine Lumber Co. v. Klamath R. L. & I. Co. (C. C.) 96 Fed. 34.

Waiver of a right or a benefit may be established by the acts, conduct, declarations, acquiescence, and even the silence of a party, as well as by his expressed consent and approval, which, of necessity, may be proved by parol. Hyde v. Kiehl, 183 Pa. 414, 38 Atl. 998; Allen v. Sowerby, 37 Md. 410.

"While a waiver is not in the proper sense of the term a species of estoppel, yet where a party to a transaction induces another to act upon the reasonable belief that he has waived or will waive certain rights, remedies, or objections which he is entitled to assert, he will be estopped to insist upon such rights, remedies or objections to the prejudice of the one misled." Marine Iron Works v. Wiess, 148 Fed. 153, 78 C. C. A. 279.

[2] The referee found that when the contract for 1903 was entered into, Mitchell was ignorant of the existence of the outstanding license, and therefore, under that contract, did not waive his exclusive right to sell the products of the Manufacturing Company within the restricted territory, and allowed the damages claimed, which of course is not assigned as error. But the referee found that the contracts for 1904, 1905, and 1906 were entered into with full knowledge on the part of Mitchell and Mitchell & Son of the existence of the license to the Kemp Company, and of the fact that the Kemp Company was manufacturing manure spreaders with the device under the license, and selling the same in their restricted territory, and that Mitchell and Mitchell & Son, by their acts, conduct, and declarations, waived their right to claim damages for the alleged breaches of the contracts by failing seasonably to assert the same, by making payments under the contracts without making claims or deductions for damages, and by failing to claim damages or to give notice of an intention to claim damages until years after the breaches were alleged to have occurred, and until after the Manufacturing Company severed business rela-

tions with them. The District Court, in approving the award of the referee, found that the evidence clearly and decisively established this conclusion, and with this view we concur.

The judgment below is affirmed.