FENSTERMAKER v. CITY OF SAN ANTONIO. (No. 745–4685.)

(Commission of Appeals of Texas, Section B. Jan. 26, 1927.)

**1. Pleading ☞34(3)—Petition should be liberally interpreted against general demurrer.**

On general demurrer, petition should be liberally interpreted, especially after judgment.

**2. Municipal corporations ☞567(1)—Petition to foreclose tax lien for street improvement held to allege consideration for liability..**

Allegation in petition to foreclose tax lien that city issued certificate against defendant and his property for pro rata cost of widening and straightening street, and that property had been enhanced by reason of said improvement, *held* to allege consideration for defendant's liability, since, when liberally construed, it was equivalent to allegation that work had been done, and that value of property had been enhanced by improvement so made.

**3. Pleading ☞16—Test whether pleadings allege certain facts is whether they are fair inference from allegations made.**

In determining whether pleadings allege certain facts test is whether they are fair inference from allegations actually made.

**4. Interest ☞38(2)—Statute relating to interest on judgments means that, where cause of action provides for higher rate than 6 per cent., judgment should follow provision (Rev. St. 1925, art. 5072).**

Rev. St. 1925, art. 5072, relating to interest on judgments, *held* to mean that, where cause of action, whether technically contract or not, provides for higher rate than 6 per cent. and not exceeding 10 per cent., judgment on such cause of action should follow provision that judgment should bear same rate of interest as contract.

**5. Interest ☞38(1)—Where city is authorized to issue tax certificate bearing 8 per cent. interest, judgment in suit on certificate should draw 8 per cent. (Rev. St. 1925, art. 5072).**

Where city is authorized to issue tax certificate bearing 8 per cent, per annum interest, judgment in suit on such certificate should draw 8 per cent., in view of Rev. St. 1925, art. 5072.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Suit by the City of San Antonio against William Fenstermaker and another. Judgment for plaintiff against the defendant named was affirmed by the Court of Civil Appeals in 283 S. W. 883, and defendant named brings error. Affirmed.

Hertzberg, Kercheville & Thomson, of San Antonio, for plaintiff in error.

Jos. Ryan, of San Antonio, for defendant in error.

SPEER, J. The writ of error herein was granted to the judgment of the Court of

Civil Appeals for the Fourth District wherein it affirmed the judgment of the trial court upon writ of error proceeding for a personal recovery against plaintiff in error upon a paving certificate issued by the city of San Antonio. The judgment was by default and the principal question determined on the appeal was whether or not the city's petition stated a cause of action. 283 S. W. 883.

The writ was granted to that part of the decision allowing 8 per cent. interest upon the judgment, but, since the application makes an attack upon the ruling as to the sufficiency of the petition, we pause to note our decision upon this point.

[1-3] We agree with the Court of Civil Appeals that when liberally interpreted, as the petition should be against a general demurrer, and the more so after judgment, the petition does state a cause of action in every particular. The allegations as to a compliance with all the preliminary steps to authorize the fixing of liability are especially full and complete. The greatest doubt is as to an allegation that the city had performed the work for which the assessment was made; in other words, to show a consideration for the plaintiff in error's liability. Without saying whether such allegation was necessary to state a cause of action, we agree with the Chief Justice's statement that even this allegation may be properly deducible from the language of the petition where it is alleged the city issued the certificate against the defendant William Fenstermaker and his property "for his pro rata cost of widening and straightening of said West Commerce street aforesaid." This when liberally construed is the equivalent of an allegation that the work had been done. The reasonable implication is as though the words, "Thus widened and straightened by the plaintiff," had been added. But, in addition to this, the language of the petition in paragraph 8 is also helpful. It is:

"That the said assessment was not in excess of special benefits to the said defendants and their said property in enhancing the value of their said property by reason of the said improvement."

Here is a general allegation that the property had been enhanced by reason of the said improvement, and a reasonable intendment would be that the pleader meant the "enhanced value of their said property by reason of the said improvement so made." The interpretation thus given to the pleading is not an unreasonable one, but is a fair inference from the allegations actually made, and this is the test in such matters.

Upon the point of interest upon which the writ was granted, we have concluded that the allowance of 8 per cent. interest upon the judgment was correct, notwithstanding article 5072 (4981). Revised Civil Statutes 1925. That article provides:

"All judgments of the courts of this state shall bear interest at the rate of 6 per cent. per annum from and after the date of the judgment, except where the contract upon which the judgment is founded bears a specified interest greater than 6 per cent. per annum and not exceeding 10 per cent. per annum, in which case the judgment shall bear the same rate of interest specified in such contract and after the date of such judgment."

In Elmendorf v. City of San Antonio, 223 S. W. 631, the Court of Civil Appeals held that, since the certificate does not evidence any contract with the owner, this statute controls and the judgment upon such certificate should bear interest at the rate of 6 per cent. only, although the certificate by its terms provided for a higher rate, and that decision appears to be supported by the Missouri cases cited. That decision was reversed (upon other grounds) and judgment rendered by the Supreme Court. But the correctness of this particular ruling was not passed upon. (Tex. Com. App.) 242 S. W. 185.

On the other hand, the Court of Civil Appeals for the Second District, in Gallahar v. Whitley, 190 S. W. 757, has held to the exact contrary. Chief Justice Connor there said:

"We have concluded that the objection to the interest is not maintainable, for the reason that in section 8 of the general laws, hereinbefore cited, and under which the city of Mineral Wells was organized, in further defining the powers that may be exercised by the city, it is further provided that for special assessments of the kind under consideration the city may issue assignable certificates, if deemed advisable, covering the cost of such improvement, and may 'fix the rate of interest not to exceed 8 per cent.,'etc. This special provision having been made and having been included in the charter, we are of opinion that it may be enforced, notwithstanding the general statute relating to the subject of interest."

The allowance of 8 per cent. interest was affirmed and a writ of error was refused by the Supreme Court.

[4, 5] We think the decision by the Court of Civil Appeals for the Second District more fairly interprets the statute of interest. It was the evident purpose of the Legislature to provide a rule of interest after judgment in all cases and to make a distinction between those cases where the instrument sued on stipulated for a higher rate than the legal rate. It is true the article uses the word "contract" rather than the word "instrument" just used by us. But the broader intention of the Legislature, we think, was to provide that, where the cause of action, whether technically a contract or not, provides for a higher rate than 6 per cent. and not exceeding 10 per cent., the judgment upon such cause of action should follow the provision. This is the spirit, if not the letter, of this statute, and no reason can be conceived why the rule should not extend to those instruments not technically con-

tracts, but every consideration exists for applying it without such distinction. See City of Tyler v. Tex. Emp. Ass'n (Tex. Com. App.) 288 S. W. 409. If it were not so, this very case furnishes an example of the injustice which might follow. By statute, the city is authorized to issue its certificate bearing 8 per cent. per annum interest, and, of course, it is entitled to collect this amount; but, if the statute of interest is to have the effect of lessening the rate after judgment, then it puts a premium upon the taxpayer's wrong, and for his default in payment compelling suit and judgment he is rewarded by a lower rate of interest. The court is without power to do full justice, and the statute is made nugatory. The Legislature never contemplated such an incongruity. Upon reason and authority (the refusal of the writ in the Gallahar-Whitley Case), we think the judgment below upon this point was likewise correct.

We recommend that the judgments of the trial court and of the Court of Civil Appeals be in all respects affirmed.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both affirmed, as recommended by the Commission of Appeals.