## BANKERS LIFE CO. v. CITY OF LITTLE-FIELD, TEX., et al.

### No. 8529.

Circuit Court of Appeals, Fifth Circuit.

Dec. 7, 1937.

E. A. Coker, of Dallas, Tex., for appellant.

Chas. C. Crenshaw and Elmer East, both of Lubbock, Tex., James G. Martin, of Wichita, Kan., A. B. Huguenin, of Dallas, Tex., and E. S. Rowe, of Littlefield, Tex., for appellees.

Before HUTCHESON and HOLMES, Circuit Judges, and STRUM, District Judge.

HOLMES, Circuit Judge.

The City of Littlefield, Texas, was incorporated in 1924. Thereafter, the city issued its negotiable bonds and warrants on the dates, in the amounts, and of the maturities set forth in the following tabulated statement:

| Original Amount | Purpose | Amount Outstanding | Date | Rate |
|---|---|---|---|---|
| $75,000 | Waterworks | $74,000 | 4–15–25 | 6% |
| 75,000 | Sewer | 74,000 | 1–10–26 | 6% |
| 40,000 | Street Improvement | 40,000 | 3–15–28 | 6% |
| 10,000 | Waterworks | 9,000 | 3–15–28 | 6% |
| 50,000 | City Hall | 50,000 | 7–15–29 | 6% |
| 10,000 | Street Improvement | 10,000 | 7–15–29 | 6% |
| 39,000 | Water System Revenue | 35,000 | 2–15–35 | 4% |
| 4,500 | Fire Truck Warrants | 2,500 | 2–10–29 | 6% |
| 20,000 | Funding Warrants | 20,000 | 5–10–31 | 6% |
| $323,500 | | $314,500 | | |

At the time of the issuance of the first series of waterworks bonds, in April, 1925, the city commission passed an ordinance containing the following provision: "It is further ordained by the City Commission of the City of Littlefield, Texas, that to pay the interest on said bonds and create a sinking fund sufficient to discharge them at maturity, a tax of 83c on each $100.00 valuation of all taxable property in said City of Littlefield, Texas, shall be annually levied on said property and annually assessed and collected until said bonds and interest thereon are paid, and said tax is here now levied for the current year 1925 and for each succeeding year, while said bonds are outstanding and the same shall be assessed and collected for the current year and annually thereafter and applied to the purpose named."

At the time of the issuance of each of the other bonds and warrants listed above, the city commission passed ordinances containing substantially identical provisions except that the amount of the levy on each $100 of valuation was 51 cents for the sewer bonds, 30 cents for the street improvement bonds, 7 cents for the second waterworks bonds, 33 cents for the city hall bonds, 7 cents for the second street improvement bonds, 8 cents for the fire truck warrants, and 11¾ cents for the funding warrants. Under the law of Texas, the total tax levy may not exceed $1.50 on each $100 of valuation.

On April 14, 1925, the city passed an ordinance levying an ad valorem tax of 80 cents on each $100 of valuation to pay the current interest and provide a sinking fund for the waterworks bonds, as above mentioned, and a tax of 70 cents on such valuation for current expenses. September 14, 1926, it levied a tax of $1.40 on such valua-

tion for the purpose of creating a sinking fund for the payment of principal and interest on outstanding bonds and other expenses. Each year thereafter, down to and including the year 1936, it passed an ordinance levying an ad valorem tax at the rate of $1.50 per hundred of valuation for the purpose of creating a sinking fund for the payment of principal and interest on its outstanding bonds and for all other purposes.

During the years from 1925 to 1929, inclusive, the population of the city increased rapidly, but, beginning in 1931 and continuing from then on, the taxable values of the city decreased approximately 40 per cent., and the city, although levying the full amount of tax allowed by the Constitution, was unable to collect sufficient funds to meet its bond maturities, the interest thereon, and other expenses. This decline was due to the general depression, and, there being no way to remedy it, the city became in arrears and defaulted in the payment of its bonded indebtedness. At the time of the institution of this suit, there was due and unpaid on such indebtedness the sum of $54,630. A tax of 25 cents on each $100 of valuation is necessary to raise sufficient revenue to defray the operating expenses of the city, excluding all interest on bonded indebtedness, and sinking fund requirements.

On January 14, 1937, appellant, as the owner of some of the aforesaid first series of waterworks bonds, recovered a judgment against the City of Littlefield in the sum of $4,701.74, for the amount due it on interest coupons attached thereto. The city having failed to pay said judgment or to give effect to the aforesaid ordinance providing for the levy and collection of a special tax of 83 cents on each $100 of valuation, appellant filed its petition for a writ of mandamus commanding the mayor and commissioners to levy, assess, and collect the tax fixed by said ordinance and to segregate the same into a special fund to be held for the payment of interest on said series of bonds and of the bonds themselves at maturity. It further prayed that said city officials be directed to pay petitioner's judgment out of the proceeds of said levy.

Certain holders of bonds of subsequent issues, without objection from appellant, were permitted by the court to intervene because their interests would be material-ly affected by the judgment. The city and these intervening bondholders answered the petition, a jury was waived, and all matters of fact, as well as law, were submitted to the court for decision. After hearing the pleadings, the evidence, and argument of counsel, the petition for writ of mandamus was denied.

Since it appears that the city is now levying the full amount of taxes allowed by the Constitution of the state, and yet is unable to collect sufficient funds to meet its matured bonds, interest, and other expenses, the only question for our determination is whether there is any priority between holders of municipal bonds issued at different intervals of time, the real contention of appellant being that the waterworks bonds of the series held by it are entitled to priority over bonds of a later date. It is the view of appellee that all bonds and warrants set forth in the above-tabulated statement are upon an equal footing, and, since the revenues permitted to be raised by taxation are insufficient to pay all of the interest and principal thereon, the bondholders should share, pro rata, in whatever taxable revenues are available for them.

We agree with appellee that appellant is entitled to no priority over holders of bonds of subsequent issues. The mere fact that one issue is older than another does not give the former any priority in the right of payment over the latter.

The bonds on which appellant's judgment is based are general municipal obligations of the City of Littlefield. The various statutes and constitutional provisions cited by appellant are intended to deal with municipal bonds as a class. They require an annual tax sufficient to pay the interest and provide a sinking fund to pay the principal of municipal bonds on maturity. Where values have decreased to such an extent that the maximum tax is insufficient for the purposes mentioned, the provision for the levy and collection of such annual tax does not constitute such an appropriation of the maximum taxing power of the municipality as to give priority to the first or earlier issue over bonds of a second or subsequent series.

The general rule that one issue has no priority over the other should be enforced by the court in the absence of a plain and unambiguous statute granting priority.

We have been shown no statute or constitutional provision of Texas from which it can be inferred that the law makers intended to adopt the rule contended for by appellant. We have considered the recent case of Sovereign Camp, W. O. W., v. Gillespie, 87 F.2d 944, and it is not deemed persuasive, since the Arkansas and Texas statutes are materially different.

The judgment of the District Court is affirmed.