## SUPREME FOREST WOODMEN CIRCLE et al. v. CITY OF BELTON, TEX.

### No. 8905.

Circuit Court of Appeals, Fifth Circuit.

Dec. 16, 1938.

Thos. C. Hall and W. E. Hall, Jr., both of Temple, Tex., for appellants.

A. B. Huguenin, of Dallas, Tex., and Lee Curtis, of Belton, Tex., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

On November 16, 1937, the City of Belton, a local taxing agency of the State of Texas, proceeding under Chapter 10, Title 11 U.S.C.A. § 401 et seq.[1] duly filed its petition for composition of indebtedness, accompanied by the necessary acceptances. Showing a total indebtedness, exclusive of interest, on bonds, warrants, and judgments, of $606,464.16, a total deficit in interest and sinking fund of $619,224.92, and an absolute and complete inability, under the valuation and taxing powers available to it, to meet and make up these deficits, and reciting that the plan was fair and equitable, and in the interest of all concerned, it prayed for confirmation of the plan.

On January 15, and again on June 13, 1938, additional acceptances were filed, bringing the total to approximately 79% of petitioner's total indebtedness. On January 31, 1938, certain bond creditors, who had duly filed proofs of claims aggregating in excess of 15% of petitioner's total indebtedness, moved to dismiss the petition on the ground that the Act of Congress, under the

[1] Act of August 16, 1937, 50 Stats. 654.

proposed authority of which the petition was filed and the proceedings begun, was unconstitutional; (a) because, as a whole, it was an interference with the State in the control of its fiscal affairs; and (b) because the provision of Sec. 403, that "the holders of all claims * * * payable without preference out of funds derived from the same source or sources shall be of one class", is an interference with the right of the State to provide the manner in which claims payable out of taxes, levied and collected by municipalities, should be paid.

Answering, they (1) denied petitioner's insolvency; (2) set out the issuance of their bonds and the tax levies made for them, and claimed preferential treatment therefor over the warrants and judgments set out in petitioner's schedules of indebtedness; and (3) declared that the plan was unfair to, and an unjust interference with the rights of, the bondholders in its appor-- tionment to the operation of the city government, of 75¢ on each $100 of assessed valuation, and only $1.10 to the payment of the refunding bonds.

The prayer was that the offer of composition be rejected; but if not, that contestants' claims be classified along with those of other bondholders ahead of the warrants, as preferred claims against the taxing power of the City.

There was a stipulation agreeing (1) as to the limits of the city's taxing power (a) under the general laws of the State of Texas, and (b) as a Home Rule City; (2) as to the indebtedness of the City at various dates; (3) that the details of the bond and warrant indebtedness shown in the exhibit attached to the City's petition is a complete, full and correct description of the outstanding indebtedness of the City; (4) that the bond issues had been authorized at elections by the voters of the City; (5) that none of the warrants had been so authorized, but they had been issued by the City Council for the purpose of refunding debts which had been validly created, but for want of sufficient money had not been paid; (6) that the deficits, taxing powers, valuations, operating expenses, and general condition of the City were as stated by it in the exhibits it had filed. There was an affidavit of an experienced and competent bond and warrant holder, in no manner controverted, that the holders of approximately 79% of the principal amount of the outstanding bond and warrant indebtedness of the City had consented to the City's proposed plan of composition; that in view of the City's chaotic financial condition over a period of years, the plan was highly beneficial to the creditors and also to the City, and that in the interest of all it should be adopted.

The District Judge rejected the attacks upon the constitutionality of the statute authorizing the proceedings. Upon full findings of fact and in accordance with the stipulation, he concluded, that the City's petition was in accordance with the statute; and that the plan of composition filed with the petition, (1) "is fair, equitable, and for the best interests of the creditors, and does not discriminate unfairly in favor of any creditor or class of creditors; (2) that it complies with the provisions of Chapter 10 of the Bankruptcy Act; (3) that the plan of composition has been accepted and approved by over two-thirds of the aggregate amount of bonds and warrants of said city outstanding and affected by such plan of composition; (4) that all amounts to be paid by petitioner for service and expenses incident to the plan of composition have been fully disclosed and are reasonable; (5) that the offer of the plan and its acceptance are in good faith; (6) that the petitioner, City of Belton, Texas, is authorized by law to take all action necessary to be taken by it to carry out the plan". So concluding, he entered an interlocutory decree approving it. The contesting creditors, appealing from the interlocutory decree as in equity, as allowed by Sec. 403, seek its reversal.

They repeat here two of the contentions made below: (1) that the law under which the proceedings were taken is unconstitutional; and (2) that the court erred in finding the plan "fair, equitable, and for the best interests of the creditors, and that it does not discriminate unfairly in favor of any creditor or class of creditors", because in putting warrants on a parity with bonds, there is a plain discrimination. They take two other grounds not raised below. (1) It was error to find and conclude that the City was authorized by law to proceed with its plan for refunding all of the bonds, warrants and judgments it listed, for from the maturity dates shown in the City's statements it appears that of the $71,903.90 of warrants proposed to be refunded, $67,015.80 thereof are more than four years past due, and their refunding is prohibited by Texas laws. (2) There was error in finding and concluding that the plan had

been accepted by creditors holding 77% of the obligations, because there was included in the aggregate of those so accepting, $67-015.80 of warrants, more than four years past due, and therefore not refundable, and not entitled to be considered in the total of acceptances, and that their deduction would reduce the acceptances below the 66⅔% required by law.

■ We can agree with none of these contentions. All questions as to the constitutionality of the Act, as applied to the taxing bodies named in it, at least in those states which, like Texas, have passed enabling acts authorizing its taxing districts to take advantage of the relief afforded by it, have been completely set at rest by the brief, but thoroughgoing opinion of the Supreme Court in United States v. Bekins, 304 U.S. 27, 58 S.Ct. 811, 82 L.Ed. 1137. That was a composition proceeding brought under the Act by an irrigation district, a political subdivision of the State of California,[2] with powers, attributes and status in California in substance the same as those the Cameron County District, petitioner in Ashton v. Cameron County, 298 U.S. 513, 56 S.Ct. 892, 80 L.Ed. 1309, enjoys in Texas. The District Judge holding, as under the California decisions he was bound to do, that the district was a political subdivision of the State, and that under the Ashton Case Congress was without power to legislate for the composition of the debts of political subdivisions, held the Act unconstitutional as to petitioner, and dismissed its petition.

The Supreme Court reversed, and in a brief, but completely comprehensive opinion, based in part on the points taken in the reports of the Judicial Committees of the House and Senate in support of the constitutionality of the composition act as amended, sustained it fully and without qualification against the claim that the Ashton Case required a different ruling. In no manner questioning the conclusion of the District Judge that the Irrigation District, like that of Cameron County, was a political subdivision of the State, it sustained the Act as to the Irrigation District on the ground that it was not an attempt to interfere with its governmental functions, but only an extension to taxing districts of the benefits of the relief which,

varying in form, but the same in substance, had been extended by other bankruptcy acts to persons, associations, and corporations.

It is the view of the writer that this opinion does not attempt to distinguish, but completely reverses that in the Ashton Case. But whether it be regarded as reversing or as distinguishing the Ashton Case, the result is the same. For it adjudicates completely, fully, and without reservation, that the Ashton Case is without bearing or effect upon the present Act.

■ In this view, the point appellants and appellee so vigorously labor, the one asserting that appellee is, the other, that it is not, a political subdivision of the State,[3] for governmental purposes, is seen to be without significance. Certainly a city, just as an irrigation district, is a political subdivision of the State for such governmental purposes, as are given in charge to it. But what is of significance here is that the Act under which the City of Belton is proceeding concerns itself with the City in its capacity as a debtor, and not in its political capacity as a political subdivision of the State for governmental purposes. And it concerns itself with the City as a debtor, not compulsorily, nor by way of interference with it, but only upon the City's invocation, and as an aid and assistance to it and its creditors.

■ Appellants' second point, that the court erred in finding the plan fair and non-discriminatory, because its provisions for refunding placed non-negotiable warrants on a parity with, and thereby discriminated against, negotiable bonds, is, we think, no better taken.

Whether, but for the Bond and Warrant Law of 1931, Vernon's Ann.Civ.St. art. 2368a, this point would have been well taken, under the authorities on which appellants rely, Griffith v. Buchanan, Tex.Civ.App., 5 S.W.2d 211; Keel v. Pulte, Tex.Com.App., 10 S.W.2d 694; Simms v. City of Mount Pleasant, Tex.Civ.App., 12 S.W.2d 833, cf. Phoenix Mutual Life Ins. Co. v. McAllen, 5 Cir., 82 F.2d 581, we need not decide. For that Article in terms authorizes the refunding into bonds of both warrants and bonds, and it is settled in Texas that as between debts paid from a common fund there is no priority. Bankers Life Co. v.

---

[2] In re Petition of Lindsay Strathmore Irr. District, D.C., 21 F.Supp. 129.

[3] Cf. Re Lindsey Strathmore Irrigation

District, note 2, supra, with In re Drainage District No. 7 Poinsett Co., D.C., 21 F.Supp. 798 and In re City of Fort Lauderdale, D.C., 23 F.Supp. 229.

658

City of Littlefield, Texas, 5 Cir., 93 F.2d 152; Powell v. City of Amarillo, 127 Tex. 294, 93 S.W.2d 144; Bankers Life v. Breckenridge Ind. School Dist., 128 Tex. 203, 97 S.W.2d 933, 108 A.L.R. 1010.

Their two new points are based on their claim that the maturity dates of the warrants, as they are set out in the City's statement as to warrants due, show that $67,-015.80 of them are barred by limitation; and that, under Article 829, Rev.Civ.Stats. of Texas, providing "No compromise shall be made by which any debt shall be funded when such debt is barred by the statutes of limitations,"[4] (1) they may not be refunded; (2) they may not be counted in the acceptances the law requires.

Appellee answers these points by insisting (1) that not having been made below, they cannot be made here; (2) that the record does not support the claim that any of the warrants are barred, and (3) that Article 829 has been superseded by Art. 2368a, the Bond and Warrant law of 1931.

We need not sharpen our pencils to determine whether, if these warrants are excluded from the count, there would remain the required 66⅔% of acceptances. Nor need we consider whether the Article appellants invoke has been superseded by that on which appellee relies. For we think appellants are in no position to press these points here against the order.

 We think this is so, because appellants did not make their point below in any form; on the contrary, they agreed that the statement of its indebtedness the City had made, was correct.

The defense of limitations is a personal privilege which must be affirmatively raised as a defense, and which, if not raised, is waived. Art. 5540, R.S.1925 provides: "The law of limitation shall not be available in any suit unless it be specifically set forth by the party who in his answer invokes it as a defense."

It is firmly settled in Texas that the defense is waived unless interposed by a demurrer or plea. 28 Tex.Jur. 191; Duckworth v. Dallas Co., Tex.Civ.App., 11 S.W. 2d 263; City of Fort Worth v. Rosen, Tex. Civ.App., 203 S.W. 84, affirmed Tex.Com. App. 203 S.W. 933; Fenstermaker v. City of San Antonio, Tex.Com.App., 290 S.W. 532.

This is entirely reasonable, for a defense of this kind, if raised, may be met by pleading facts in complete avoidance of it.

But if we could consider these points raised now for the first time, we should be bound to reject them, because the stipulation as to the agreed facts does not show the warrants to be barred, but the contrary. For while it does show the maturity dates of the warrants as originally issued, it shows, too, that the warrants are recognized by the City as, and they are, valid and subsisting indebtednesses, and that it was agreed that they constituted a part of the total indebtedness to be refunded.

It must therefore be assumed upon the stipulation, and in the state of the record, that by renewal, extension, new promise, or in some other effective way, the statute of limitations has failed to run, and that the original maturity dates, as given in the statement, are without significance.

The order was right; it is affirmed.

---

[4] City of Tyler v. Jester, Tex.Civ.App., 74 S.W. 359.