**KING v. REALTY MORTGAGE CO. et al.**
No. 9255.

Circuit Court of Appeals, Fifth Circuit.

Nov. 7, 1939.

Rehearing Denied Dec. 13, 1939.

Erle Pettus, Sr., of Birmingham, Ala., for appellant.

Douglas Arant, of Birmingham, Ala., for appellees.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Realty Mortgage Company, a Delaware corporation, was dissolved according to the laws of Delaware on June 20, 1936. Thereafter D. E. Wilson and Perry C. Clancy, owners of shares of each class of the preferred stock, filed suit in the Court of Chancery for the State of Delaware seeking appointment of a receiver for the dissolved corporation. Principal receivers were appointed by the Delaware Court.

The assets of the dissolved corporation were located in Alabama where it had been engaged in the business of mortgage loans and allied affairs. Wilson and Clancy

filed suit in the District Court of the United States for the Northern District of Alabama and sought to have an ancillary receiver appointed for Alabama. After they filed suit in the District Court, over four hundred other holders of preferred stocks intervened as parties of record. Upon the hearing of the suit, equity cause 905, the District Court entered its order and decree appointing an ancillary receiver for Alabama.

On August 4, 1936, a committee representing more than 69 per cent of the holders of preferred stock filed a report in the District Court by which they proposed a plan for reorganization of the dissolved corporation. They suggested that a new corporation be organized to purchase the assets and operate the business of the old corporation. On order of the court, copies of the report were mailed to all holders of preferred stock. Certain preferred stockholders filed objections and the committee amended the plan to meet some of these objections. On August 31, 1936, the court found, after a hearing, that 78.06 per cent of all outstanding preferred stock had voted in favor of the proposed plan and that only 2.78 per cent had voted against it.

The court had previously ordered an appraisal of the company's assets by expert appraisers and had heard evidence with reference to the value of the company assets. On the coming in of the appraisers' report, and after considering it along with the evidence taken, the court found the proposed plan of reorganization to be fair and equitable and entered its decree of approval. The court ascertained the common stock of the corporation to be worthless and cancelled it, and found the market value of the preferred stock to be $40 per share. The court decreed that each shareholder might, at option, surrender stock and receive the $40 per share in cash or, in the alternative, receive preferred stock in the newly planned corporation.

Public sale of the assets of the dissolved corporation was held under authority of decrees of the Delaware Chancery Court and the United States District Court, and the newly organized Alabama corporation, Realty Mortgage Company, became the purchaser at the sale. On January 19, 1937, the District Court entered an order discharging the ancillary receiver, and on February 25, 1937, the Delaware Court entered a similar decree.

The owners and holders of substantially all the preferred stock in the dissolved corporation exercised one of the options provided by the decree of the District Court.

The record discloses that each and every step in the dissolution and reorganization of Realty Mortgage Company was considered with meticulous care by the court. The validity and fairness of the proceedings and decrees in equity cause 905 appear to have been approved and accepted by all the stockholders except the appellant.

Mamie A. King, owner of five of the 9,603 shares of preferred stock, is the only stockholder to question the proceedings and decrees in equity cause 905. Almost two years after the proceedings and on August 9, 1938, she filed a bill in equity in the Tenth Judicial Circuit Court of Alabama attacking each and every order and decree of the former proceedings in the Delaware Chancery Court and the United States District Court for the Northern District of Alabama. By this bill Mamie A. King prayed that all proceedings heretofore adverted to be declared null and void as to her.

After the filing of the bill in the state court, the appellees filed a supplemental and ancillary complaint in equity cause 905 praying that Mamie A. King be enjoined and restrained from prosecuting the suit filed by her. The District Court entered judgment holding that Mamie A. King was bound by the proceedings and decrees in equity cause 905 and further enjoined her from prosecuting her state court suit. Mamie A. King has appealed.

The appellant cannot now successfully attack the proceedings and decrees of the ancillary receivership suit, equity cause 905. While those proceedings were in progress she was notified of each step taken. She remained silent and made no objection whatever to the class suit instituted by the preferred stockholders. Class suits may be properly maintained and have long been recognized in federal jurisprudence. Supreme Tribe of Ben-Hur v. Cauble, 255 U.S. 356, 363, 41 S.Ct. 338, 65 L.Ed. 673; Smith v. Swormstedt, 16 How. 288, 303, 14 L.Ed. 942.

The appellant was fully and fairly represented in the suit heretofore filed. She elected not to appear and personally represent her interest and cannot now be heard to complain. To allow her to again

92

have a hearing of the suit would be to permit every stockholder who felt aggrieved to come in from time to time and retry the issues already passed upon by the court. This cannot be done. "If the federal courts are to have the jurisdiction in class suits to which they are obviously entitled, the decree when rendered must bind all of the class properly represented." Supreme Tribe of Ben-Hur v. Cauble, 255 U.S. 356, 367, 41 S.Ct. 338, 342, 65 L.Ed. 673; Hartford Life Insurance Co. v. Ibs, 237 U.S. 662, 672, 35 S.Ct. 692, 59 L.Ed. 1165, L.R. A.1916A, 765.

The court below was justified in enjoining the appellant from relitigating issues already adjudicated in a proper action. Bethke v. Grayburg Oil Co., 5 Cir., 89 F. 2d 536; Root v. Woolworth, 150 U.S. 401, 14 S.Ct. 136, 37 L.Ed. 1123.

The judgment is affirmed.