### WOMEN'S CATHOLIC ORDER OF FORESTERS v. CITY OF ENNIS, TEX., et al.

#### No. 9585.

Circuit Court of Appeals, Fifth Circuit.

Dec. 12, 1940.

Rehearing Denied Feb. 1, 1941.

Thos. C. Hall, of Temple, Tex., for appellant.

A. B. Huguenin, of Dallas, Tex., and George Ledbetter, of Ennis, Tex., for appellees.

Before FOSTER, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

On March 12, 1936, W. J. Meredith, L. F. Rodgers, and James G. Martin, attorneys and members of Brown-Crummer Investment Company of Wichita, Kansas, filed their complaint in equity against the City of Ennis in Ellis County, Texas. The complainants alleged ownership of $6,000 in matured bonds of the $497,000 outstanding tax supported bonds and warrants of the City of Ennis, and $22,000 of matured and unpaid interest coupons pertaining to bonds and warrants of the said City. The suit was instituted under old Equity Rule 38, 28 U.S.C.A. following section 723, so as to make it a proceeding not only on behalf of the complainants, but also on behalf of such other owners and holders of bonds and warrants of the City who were in like situation with the complainants, and who constituted a class so numerous as to make it impracticable to bring them all before the court. The complainants alleged that the holders of such outstanding bonds and warrants were many; that in many instances the names and addresses of such bond and warrant holders were unknown; and that many such holders and owners were non-residents of the State of Texas. The com-

plainants sought to obtain a judgment on all past due items held by them; to obtain a temporary injunction pending adjudication of the cause to prevent the City of Ennis from withdrawing, disbursing, or dissipating any of the moneys collected or to be collected for the payment of bonds, warrants, and interest coupons; to enjoin a priority of payment to any of the holders so long as the funds available were insufficient to pay all; and to obtain a marshalling of the resources of the City which were applicable to the payment of the City's outstanding indebtedness. The court ordered the City to impound all moneys on hand belonging to the interest and sinking fund for its bonds and warrants, and all moneys collected for such purposes in the future.

It was ordered that notice of the suit be given by mail to all known holders of bonds, warrants, notes, and coupons of the City, and that a copy of such notice be published once in the Weekly Bond Buyer, a financial journal of general circulation, and for six consecutive weeks in a newspaper of general circulation in Ellis County, Texas. Subsequent to the mailing and publication of the notice sixteen different claimants, representing and owning approximately $95,000.00 principal of the City's outstanding indebtedness, filed intervention and claims. The appellant, Women's Catholic Order of Foresters, filed no such intervention, and the record shows no service of notice upon it other than by publication.

When the original complaint was filed the City of Ennis was in default to the extent of approximately $64,000 of matured items of tax supported bond and warrant indebtedness. The funds on hand and the tax resources were wholly inadequate to pay the matured items and meet future maturing items of principal and interest according to the interest rates and schedules of maturities of such indebtedness. The Bankruptcy Act, 11 U.S.C.A. § 1 et seq., made no provision at that time for the composition of municipal indebtedness.

The City of Ennis contested the complainants' demands for relief. On September 23, 1937, the parties appeared and sought the court's approval of a decree adjudicating the rights of the City and its creditors under a refunding agreement previously entered into by the City and Brown-Crummer Investment Company. The court considered the request and after a full disclosure of all pertinent facts, and after an examination into the fairness and equity of the provisions of such decree with relation to the rights of creditors and the City's maximum ability to pay, a decree was entered. The decree, among other things, distributed and allocated the funds and taxing resources of the City for debt service, and provided that refunding bonds should be issued par for par for a like amount of outstanding bonds and warrants aggregating $497,000. The refunding bonds changed the time of payment of the indebtedness and reduced the interest rate. The complainants and the sixteen interveners tendered their obligations for refunding. In its decree the court retained jurisdiction to hear, determine, and adjudicate the validity of claims of all persons "who may claim to be holders of obligations of Respondent City not declared upon by complainants herein, and to determine whether any such claims shall be exchanged and refunded into City of Ennis, Texas, Refunding Bonds." Since the entry of the decree all bonds and warrants outstanding on September 23, 1937, have come in under the refunding agreement, save and except the $25,000 of bonds owned by the appellant, Women's Catholic Order of Foresters.

On October 7, 1938, Women's Catholic Order of Foresters filed its complaint in the District Court against the City of Ennis. This cause was docketed as Civil Action No. 10. In this independent action the Foresters sought judgment upon matured items pertaining to its bonds, and prayed for mandatory relief with reference to the use of funds and allocation of taxes for the payment of such judgment and future maturities of its holdings. The relief sought was contrary to the disposition of funds made by the District Court in its equity decree of September 23, 1937. The City of Ennis answered the complaint setting up the court's exclusive jurisdiction in the equity suit to determine and adjudicate the validity of the claims and to determine if such claims were eligible to share in the benefits afforded by the equity decree. After hearing the case the court gave Women's Catholic Order of Foresters the choice of two alternatives. It offered to dismiss Civil Action No. 10 and allow an appeal, or transfer the case and make it an intervention in the equity case, "which entitled you to the benefits that every other bondholder gets, with a right to be heard." The case was reassigned to a later day.

When, pursuant to the reassignment, the cause was heard, the plaintiff elected to come into the equity case. Judgment was entered in Civil Action No. 10 and the court thereby permitted the plaintiff to come into the original equity case. The judgment provided: "That the decree entered in the aforesaid Equity Cause shall stand reopened if and when plaintiff by appropriate proceedings in said cause seeks the right to demonstrate to the Court that said decree is improper, unfair, or improvidently entered with regard to the levy, assessment, and collection of taxes, in respondent city and the refunding agreement therein approved, as same affects this plaintiff."

The plaintiff took no appeal from this judgment but, after electing to accept the offer of the court to come into the equity cause, filed an intervention and motion to modify the equity decree. The court overruled the intervener's motion to modify the decree, denied the relief sought by the petition, and held that the intervener should be eligible for participation in the funds of the City under the equity decree "as and when the intervener may see fit to accept the same."

■ No contention is made that the decree in the equity cause was unfairly or improvidently granted. We are of opinion that when the appellant reserved no exception and declined to appeal from the judgment entered in Civil Action No. 10, it waived or released any errors which might be present in that suit by voluntarily electing to pursue a course inconsistent with appeal and contrary to its then position and contentions on this appeal. Shawver v. Masterson, Tex.Civ.App., 65 S.W.2d 1111; Winters Mutual Aid Ass'n v. Reddin, Tex. Com.App., 49 S.W.2d 1095.

■ Waiver is the voluntary relinquishment of a known right. The appellant might have appealed from a judgment adverse to its claims in Civil Action No. 10, but it waived its right to do so. It elected to accept a' judgment allowing intervention in the equity cause and it is now bound by that election. Mitchell v. Kemp & Burpee

Mfg. Co., 3 Cir., 218 F. 843; 27 R.C.L. 904.

■ Should we indulge the persuasion of the appellant and follow its further contentions and argument its position would be no better. The original suit brought against the City of Ennis was a class suit and was in all things right. The City owed a bonded indebtedness and overdue interest which it could not pay. It was in a failing condition. All the indebtedness was payable from the tax funds of the City. Supreme Forest Woodmen Circle v. City of Belton, 5 Cir., 100 F.2d 655; Bankers Life Co. v. City of Littlefield, 5 Cir., 93 F. 2d 152. Personal notice of the class suit was given to every bondholder that could be located, and notice to other creditors was given by publication as provided by Section 57 of the Judicial Code, 28 U.S.C. A. § 118.

■ The appellant ignores its election to accept the terms of the equity decree and says that it should be paid in full for its bonded indebtedness and interest. It contends that the judgment in the class action was not binding upon it because it received no notice other than by publication. All bondholders of every class were fully represented in the case and the appellant cannot now, more than a year after the entry of the decree, be heard to complain of the equities in that suit for its class of bonds. It cannot relitigate issues already litigated in a proper action. Supreme Tribe of Ben-Hur v. Cauble, 255 U.S. 356, 41 S.Ct. 338, 65 L.Ed. 673; King v. Realty Mortgage Co., 5 Cir., 107 F.2d 90, certiorari denied, 309 U.S. 673, 60 S.Ct. 712, 84 L.Ed. 1018.

■ It further appears that the appellant failed to serve any party to the original equity cause other than the City of Ennis. The other parties to that suit and those persons holding interests under the decree had a vital interest in maintaining that judgment. They should have been made parties to any action seeking to set aside the decree. City of Alvarado v. Christian, 5 Cir., 100 F.2d 156.

The judgment is affirmed.