**In re BERLIN.**

No. 22046.

District Court, E. D. Pennsylvania.

March 1, 1946.

Albert H. Friedman, of Philadelphia, Pa., for petitioner.

Harry Fischer, of Philadelphia, Pa., for trustee.

BARD, District Judge.

This matter arises upon a certificate for review of an order of a referee in bankruptcy (1) denying petitioner's claim for payment of a garage charge for storage of the bankrupt's truck against which petitioner had asserted a lien, and (2) denying petitioner's claim for payment of costs incurred by him in the successful prosecution of his reclamation petition before payment of administration expenses and relegating the claim for litigation costs to an administration expense sharing pro-rata with other expenses of like priority.

Daniel Berlin, individually and trading as Nilreb Manufacturing Company, was adjudged a bankrupt on November 13, 1942. Petitioner, a brother of the bankrupt, filed a reclamation petition to recover a truck from the Trustee, asserting a lien for monies advanced to the bankrupt exceeding the value of the truck. This claim was resisted by the Trustee under the direction and authority of the referee.

In a letter sent by the attorney for the reclamation petitioner to the attorney for the Trustee, the petitioner offered to purchase the truck from the Trustee at a price of $491.50, the fund so realized to stand in place of the truck. This letter of offer, which reduced to writing the results of prior oral negotiations, reads as follows:

"April 30, 1943.

"Re: Nilreb Manufacturing Company,
Bankrupt

"Harry Fischer, Esquire

"213 South Broad Street

"Philadelphia, Penna.

"Dear Harry:

"Confirming my verbal offer made to you on April 25, 1943, you are advised that Mr. Daniel Berlin, without prejudice to his claim under the Reclamation Petition

764

filed in this case, offers to purchase the truck for the sum of $491.50, as follows:

"$300.00 to be allowed as a credit by assignment of the Bankrupt's exemption in this amount, and

"$191.50 representing the balance in cash.

"He will then waive any · claim held against the estate · because of storage charges which he had paid for storing the truck since the bankruptcy proceedings commenced. His right under the Reclamation Petition is to be transferred to the fund so realized, which shall stand in place of the truck until the matter is finally determined.

"If this offer is acceptable, please advise me and I will arrange to pay you the money.

"Yours very truly,
"Albert H. Friedman"[1]

The petitioner's offer was accepted by the Trustee.

The reclamation petition was finally determined by the Circuit Court of Appeals for the Third Circuit, In re Berlin, 3 Cir., 147 F.2d 491, and an order was entered by that court as follows:

"On consideration whereof, it is now here ordered and adjudged by this Court that the order of the said District Court in this case sustaining the order of the Referee in Bankruptcy denying the claim of Irving Berlin, entered March 9, 1944, be and the same is hereby reversed, with costs; and the cause remanded to the said District Court with direction to vacate the said order. And that the Appellant, Irving Berlin, recover against the Appellee, Frank J. Bowden, Trustee in Bankruptcy of Daniel Berlin, individually and trading as Nilreb Manufacturing Company in the sum of One Hundred Thirteen and 60/100 Dollars ($113.60) for costs herein expended and have execution therefor. February 8, 1945."

In accordance with the agreement set forth above, the referee ordered that the sum of $491.50, which was held in escrow by the estate pending final determination of the reclamation petition, be paid to the petitioner. This payment left a balance of $93.81 in the estate. At the audit of the Trustee's final account, petitioner claimed the balance of the funds in the hands of the Trustee. Petitioner contended that, under the terms of the agreement between petitioner and the Trustee, he was entitled to the sum of $83.50 which he had expended in payment of the storage charges against the truck in order to obtain its release. Petitioner further contended that he was entitled to a claim prior to administration expenses for the costs incurred by him in the prosecution of the reclamation petition under the authority of the order of the Circuit Court of Appeals as set forth above.

In rejecting claimant's petition the referee held (1) that claimant had waived any claim he might have for the storage charge on the truck, and (2) that the costs awarded by the Circuit Court of Appeals in favor of the petitioner were an administration expense sharing pro rata with other administration expenses. I am in accord with the decision of the Referee.

Petitioner contends that the purchase price for the truck was $575 and that this amount stood in lieu of the truck subject to petitioner's lien. Petitioner computes this figure by including in the purchase price the $83.50 which petitioner paid to discharge the storage claim of the garage. This claim is made despite the unequivocal wording of the offer to purchase made by Daniel Berlin, the bankrupt, on behalf of the petitioner, Irving Berlin, as set forth above. Petitioner offered to purchase the truck for the sum of $491.50 and to "waive any claim held against the estate because of storage charges which he had paid * * * [provided] his right under the Reclamation Petition is to be transferred to the fund so realized." I am of the opinion that the parties intended that "the fund so realized," which would be subject to the lien, was the stipulated purchase price of $491.50. The Trustee fully discharged his obligation under the contract between petitioner and the Trustee by paying to the petitioner the sum of $491.50, after the appellate court sustained the petitioner's lien.

■ Whether the Trustee or the lienholder was legally responsible for the storage charges need not be decided here. Assuming the liability to be that of the Trustee, the petitioner cannot now make that

---

[1] Although the letter speaks of an offer by Daniel Berlin, the bankrupt, the offer was obviously made for and is binding upon Irving Berlin, the reclamation petitioner, since the letter speaks of "his right under the reclamation petition," which right was that of Irving Berlin and not Daniel Berlin, and the letter was written by the petitioner's attorney on his behalf.

claim against the estate merely because he discharged the Trustee's liability. The offer to purchase included an express waiver of any claim against the estate for storage charges paid by the petitioner. This waiver effectively bars the petitioner's right to recover for this expenditure in the present proceeding. Mitchell v. Kemp & Burpee Mfg. Co., 3 Cir., 218 F. 843; Marine Iron Works v. Wiess, 5 Cir., 148 F. 145.

Petitioner presents an alternative claim for the costs awarded petitioner by the Circuit Court of Appeals, claiming a priority over administration expenses. Petitioner seeks payment of these costs to the extent of the fund of $93.81 available for distribution at the time of the final audit. The referee held the claim for costs to be an administration expense and pro-rated the claim with the other administration expenses. With this I am in accord. The assessment of costs against the Trustee is an ordinary expense incurred by the Trustee during the administration of the estate and, as such, is entitled to no greater priority than other expenses of the administration. Miners Sav. Bank of Pittston, Pa. v. Joyce, 3 Cir., 97 F.2d 973; In re Neely, 2 Cir., 113 F. 210; Piedmont Corporation v. Gainesville & N. W. R. Co., D.C.N.D.Ga., 30 F.2d 525; In the Matter of Joyce, 47 Am.B.R.,N.S., 719; Collier on Bankruptcy, 14th Ed., § 64.105.

Since the fund available for distribution is insufficient to satisfy all administration expenses in full, the claim for costs must share pro-rata in the fund with the other administration expenses. In re Columbia Ribbon Co., 3 Cir., 117 F.2d 999.

The order of the Referee is affirmed.

